Darren B. SWAIN d/b/a Hi Tech Communications, Appellant,

v.

SOUTHWESTERN BELL YELLOW PAGES, INC., Appellee.

No. 2–99–002–CV.

Court of Appeals of Texas, Fort Worth.

Aug. 12, 1999.

Frank Hernandez, Dallas, for appellant.

Douglas Hudman, Fort Worth, for appellee.

Panel A: CAYCE, C.J.; DAY and DAUPHINOT, JJ.

## OPINION

SAM J. DAY, Justice.

In this appeal, we must determine whether Appellant Darren Swain, the defendant at trial, was entitled to testify on the issue of his damages despite his failure to respond to Southwestern Bell Yellow Pages' discovery requests. We hold he was not.

In 1996, Southwestern Bell sued Swain for breach of contract based on Swain's failure to pay for yellow pages advertising. Swain countersued for damages he allegedly incurred as a result of errors that appeared in his Southwestern Bell yellow pages advertisements.[1] In January 1998, Southwestern Bell sent Swain a second set of interrogatories and a request for pro-

duction. Among other things, Southwestern Bell asked Swain to (1) produce all documents on which he relied for the calculation of damages alleged in his counterclaim, (2) identify the total amount of damages sought by Swain for each element or cause of action in his counterclaim, and (3) identify all sources, facts, or information that he used, consulted, or considered in determining the amount of damages to seek in his counterclaim. Swain did not answer in whole or in part, nor did he object to any of the requests.

On October 6, 1998, the case was tried before a jury. At trial, Swain attempted to testify on the amount of damages he incurred as a result of Southwestern Bell's alleged errors. The trial court refused to allow him to do so. After the jury rendered a verdict in favor of Southwestern Bell, Swain filed a motion for new trial alleging he was entitled to testify on the issue of damages notwithstanding his failure to respond to discovery requests pertaining to that issue. The trial court denied Swain's motion and this appeal followed.

■ The standard of review for a trial court's decision to impose discovery sanctions is abuse of discretion. *See Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex.1986). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). In other words, the reviewing court must determine whether the trial court's action was arbitrary or unreasonable. *See id.* at 242.

■ Rule 215.5 of the rules of civil procedure[2] mandates that a party who

---

1. Swain alleged violations of the Texas Deceptive Trade Practices Act, fraud, and breach of contract.

2. The 1998 amendments to the Texas Rules of Civil Procedure became effective on January 1, 1999. All references to the rules of civil procedure in this opinion are to the pre-

fails to respond to a request for discovery cannot present at trial the evidence he had a duty to provide in a response, unless the trial court finds good and sufficient cause shown in the record for such failure. *See* Tex.R. Civ. P. 215.5, 733–34 S.W.2d (Tex. Cases) LXIV–LXV (1988, amended 1998); *Gentry v. Weaver Dev. Co.,* 909 S.W.2d 606, 610–11 (Tex.App.—Fort Worth 1995, no writ). The provision in Rule 215.5 pertaining to a party's failure to respond to a discovery request is a mandatory rule, and its sole sanction is the exclusion of the evidence withheld. *See Alvarado v. Farah Mfg. Co.,* 830 S.W.2d 911, 914 (Tex.1992) (op. on reh'g); *Gentry,* 909 S.W.2d at 611. The exclusion is automatic, unless there is good cause to excuse its imposition. *See Alvarado,* 830 S.W.2d at 914. Although a trial court has discretion to determine whether the offending party has met his burden to show good cause, the trial court has no discretion to admit the testimony excluded by the rule without such a showing. *See Gentry,* 909 S.W.2d at 611.

■ On appeal, Swain does not dispute the fact that he failed to respond to Southwestern Bell's discovery requests. Nor does Swain argue that he had good cause for failing to do so. Instead, he simply contends that Southwestern Bell waived the right to have his testimony excluded because it did not file a motion to compel discovery. We disagree.

The cases cited by Swain in support of his position are factually distinguishable because they involve discovery *disputes. See Remington Arms Co. v. Caldwell,* 850 S.W.2d 167, 170 (Tex.1993); *Lewis v. Western Waste Indus.,* 950 S.W.2d 407, 410 (Tex.App.—Houston [1 st Dist.] 1997, no writ); *Smith v. O'Neal,* 850 S.W.2d 797, 799 (Tex.App.—Houston [14 th Dist.] 1993, no writ). Here, there was no discovery *dispute* to be resolved. Swain did not contest any of the discovery requests submitted by Southwestern Bell—he simply ignored them. The authority cited by Swain himself dictates that the proper

remedy in such a case is to exclude the evidence that was requested but not produced. *See Remington,* 850 S.W.2d at 170–71.

Swain also argues that Southwestern Bell's motion in limine on the damages issue did not cure its failure to file a motion to compel. We need not address this argument because we have already decided that Southwestern Bell was not required to file a motion to compel discovery before evidence on the issue of damages could be excluded.

Finally, Swain contends that he had no duty to supplement his deposition testimony. Swain's failure to supplement his deposition testimony is wholly unrelated to his failure to respond to Southwestern Bell's discovery requests and is thus not relevant to this appeal.

Because Rule 215.5 is an automatic rule that mandates the exclusion of evidence that was requested but not provided in discovery, we hold that the trial court was required to exclude Swain's testimony on the issue of damages. We overrule Swain's point on appeal and affirm the trial court's judgment.

amendment rules that were in effect at the    time of trial.