**F & H INVESTMENTS INC., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 10–00–181–CV.

Court of Appeals of Texas, Waco.

Aug. 1, 2001.

John Stephen Fenoglio, Anatole R. Barnstone, Austin, for appellant.

William F. Lewis, Jr., Johnson County Asst. County Atty., Austin, Bill Moore, Johnson County Atty., Stuart Madison, Johnson County Asst. Atty., Cleburne, for appellee.

Before Chief Justice DAVIS, and Justices VANCE and GRAY.

## OPINION

VANCE, Justice.

This appeal is brought by F & H Investments Inc. ("F & H") from an Order of Forfeiture declaring F & H's property to be a gambling device, gambling paraphernalia, and gambling proceeds under article 18.18(b) of the Code of Criminal Procedure. TEX.CODE CRIM. PROC. ANN. art. 18.18(b) (Vernon Supp.2001). F & H claims, among other things, that the trial court abused its discretion in not excluding evidence after the State failed to comply with certain discovery requests. We agree. The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

## BACKGROUND

On February 3, 1999, pursuant to a search warrant and article 18.18(b) of the Code of Criminal Procedure, the State seized personal property, $2,206.20 in U.S. currency, and three membership cards from C'Mon 8's, a video game establishment located in Johnson County. F & H's "Lucky Shamrock Emergency Phone Card Dispenser" ("dispenser"), which is similar to an "eight liner in appearance," and its contents were among the items seized. No criminal prosecution has arisen from the seizure of F & H's dispenser.

On April 22, 1999, the State filed its original "Petition to Forfeit Property" in Cause No. C99–00058, which listed F & H's property, along with all the other property seized during the February 3rd raid, as items to be forfeited.

On June 30, 1999, F & H filed a "Notice of Appearance" in Cause No. C99–00058 and requested a hearing to "show cause" why its property or proceeds should not be returned. *See* TEX.CODE CRIM. PROC. ANN. art. 18.18(f).

On July 2, 1999, the State received the following discovery requests from F & H: 1) Request for Disclosure, 2) Request for Production, and 3) First Set of Interrogatories. The State has yet to answer, respond to, or file written objections to these requests.[1]

On July 23, 1999, F & H filed a "Motion to Compel Answers to Discovery, Motion to Bifurcate and Reschedule the Trial on the Merits and for Imposition of Sanctions." According to F & H's motion:

> [The State has informed F & H] that it is refusing to produce any discovery responses because [it] contends that civil discovery rules do not apply to a civil forfeiture hearing. Presumably, the [State] will timely file objections to the discovery requests on or before July 29, 1999, but as of this date, the [State] has not filed any responses and/or objections. Since the trial on the merits in this proceeding is set for August 10 and 11, 1999, and so as to notify the Court of this discovery dispute as quickly as possible so that [F & H]'s discovery rights are not compromised, [F & H] is filing this objection in order to secure a hearing on this discovery dispute before the trial on the merits.

F & H then requested the entry of an order bifurcating and rescheduling the forfeiture trial, so that it would have adequate time to obtain responses to the discovery sought and to prepare additional discovery requests if necessary.

On August 4, 1999, the trial court severed the State's claim relating to F & H's property from claims relating to other

---

1. On November 5, 1999, the State did respond to F & H's First Request for Admissions.

property seized at the same time and assigned it a new Cause No. C99–00281.[2] However, the trial court did not rule on F & H's motion to compel or impose sanctions.

On October 28, 1999, the State filed its "First Amended Petition to Forfeit Property." In the petition, the State alleged that F & H's dispenser and its contents were "gambling devices, gambling paraphernalia, gambling proceeds, and/or a criminal instrument and is therefore subject to forfeiture pursuant to Article 18.18(b) of the Texas Code of Criminal Procedure."

On November 12, 1999, the day of trial, F & H filed a "Motion for Discovery Sanctions" due to the State's continued refusal to answer the original discovery requests. In the motion, F & H requested the court to exclude all of the State's witnesses, alleging that "The State's wholehearted failure to respond to [F & H]'s proper discovery requests has seriously affected [F & H]'s ability to prepare a defense." In response, the State repeated its contention that it did "not have to respond" to the discovery requests. The State also raised additional defenses that it had already informally provided some of the items requested and that F & H's motion for sanctions was an "ambush tactic" and was "not timely." The trial court denied F & H's motion for sanctions, but offered a continuance which F & H refused because it had out-of-state witnesses present for the trial. Later, during the trial, F & H renewed its motion to exclude testimony and evidence but was again overruled by the trial court. The record does not show that the trial court ever heard evidence or made any findings to support or explain its denial of F & H's motion.

**2.** Due to clerical or court error (later corrected), the severed cause was originally assigned

## DISCUSSION

We must first determine whether the Rules of Civil Procedure apply to forfeiture proceedings under article 18.18(b) of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 18.18(b). If the civil rules of procedure apply, we must next determine whether the trial court abused its discretion in not excluding evidence after the State failed to comply with F & H's discovery requests.

### Do the rules of civil procedure apply to forfeiture proceedings under article 18.18(b)?

Article 18.18 of the Code of Criminal Procedure provides two alternative procedures for the disposition of "criminal instruments" and certain forms of illegal property. *Id.* art. 18.18. The first, article 18.18(a), follows the conviction of a person for illegal use or possession of the property in question. *Id.* art. 18.18(a). No notice or hearing is afforded the property's owner. *Id.; Martin v. State,* 873 S.W.2d 457, 460 (Tex.App.—Waco 1994, no pet.). Article 18.18(a) does not apply to this case. The State has conceded that no criminal prosecution is pending against F & H, nor is any intended.

By contrast, a proceeding under article 18.18(b) applies only if "there is no prosecution or conviction following seizure." TEX.CODE CRIM. PROC. ANN. art. 18.18(b). In such a case, due process requires notice, an opportunity for the owner to challenge the forfeiture, and an opportunity for an evidentiary hearing. *Martin,* 873 S.W.2d at 460.

In *Fleming v. State,* the State, acting on information that the appellant was in-

an invalid Cause No. C99–00058–A.

volved in an aggravated robbery, obtained a search warrant for the appellant's residence. *Fleming v. State*, 704 S.W.2d 530, 531 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). Law enforcement officers seized numerous weapons during the search. *Id.* The appellant was later prosecuted for aggravated robbery and found not guilty. *Id.* Several months after the verdict, the State filed a petition for forfeiture of the weapons seized. *Id.* Because there was a prosecution, the forfeiture proceeding was under article 18.18(a). *Compare* TEX.CODE CRIM. PROC. ANN. art. 18.18(a) (applies "[f]ollowing the final conviction of a person"), *with* art. 18.18(b) (applies "[i]f there is no prosecution or conviction following seizure").

In *Fleming,* the issue was whether the civil rule requiring the appellant to perfect his appeal by filing a cost bond applied to the forfeiture proceeding. *Fleming,* 704 S.W.2d at 531. The Houston First Court held that although the case involved "a civil forfeiture proceeding arising from an action originally criminal in nature ... the forfeiture of personal property is one in rem and is a proceeding of a civil nature, therefore the rules of civil procedure apply." *Id.* (citing *State v. Rumfolo,* 545 S.W.2d 752, 754 (Tex.1976) ("A statutory proceeding for the forfeiture of personal property is one in rem, not against the owner but against the property itself, and is a proceeding of a civil nature in that it does not involve the conviction of the owner or possessor of the property seized.").

In *Underwood v. Bridewell,* we held that the Rules of Civil Procedure apply to forfeiture proceedings under Chapter 59 of the Code of Criminal Procedure.[3] *Underwood v. Bridewell,* 931 S.W.2d 645, 647

(Tex.App.—Waco 1996, no writ) ("Because forfeiture proceedings are 'civil,' Underwood had the right to institute discovery proceedings after the petition was filed."). We also recognized that the civil rules themselves apply to "all actions of a civil nature." *Id.* (citing TEX.R. CIV. P. 2).

Following the Houston Court's lead and our own precedent, we hold that the Rules of Civil Procedure apply to forfeiture proceedings under article 18.18(b) of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 18.18(b).

### Did the trial court abuse its discretion in not excluding evidence?

F & H filed the motion for sanctions on the day of trial. It was heard immediately prior to the commencement of the presentation of evidence. At the hearing neither party actually treated it as a motion for sanctions for discovery abuse under Rule of Civil Procedure 215. TEX.R. CIV. P. 215. Rather both parties argued the motion as if it were an objection to the introduction of evidence under Rule of Civil Procedure 193.6. TEX.R. CIV. P. 193.6. Further, F & H requested the automatic relief provided by 193.6, exclusion of all evidence not produced in response to a proper discovery request. The State even attempted to utilize the defenses available under 193.6, thus reinforcing our belief that both parties have treated this as a written objection to the admission of evidence under 193.6 and not a motion for sanctions for discovery abuse under 215. Accordingly, we will analyze this issue as an objection to the admission of evidence under 193.6. Rule of Civil Procedure 193.6 states:

---

**3.** Chapter 59 of the Code of Criminal Procedure is concerned with the forfeiture of contraband. TEX.CODE CRIM. PROC. ANN. arts. 59.01–.11 (Vernon Supp.2001). Article 59.05

refers to pleadings "as required in civil suits" and "trial in the same manner as in other civil cases." *Id.* art. 59.05(a), (b).

(a) *Exclusion of Evidence and Exceptions.* A party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed, or offer the testimony of a witness (other than a named party) who was not timely identified, unless the court finds that:

> (1) there was good cause for the failure to timely make, amend, or supplement the discovery response; or

> (2) the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties.

(b) *Burden of Establishing Exception.* The burden of establishing good cause or the lack of unfair surprise or unfair prejudice is on the party seeking to introduce the evidence or call the witness. A finding of good cause or of the lack of unfair surprise or unfair prejudice must be supported by the record.

(c) *Continuance.* Even if the party seeking to introduce the evidence or call the witness fails to carry the burden under paragraph (b), the court may grant a continuance or temporarily postpone the trial to allow a response to be made, amended, or supplemented, and to allow opposing parties to conduct discovery regarding any new information presented by that response.

*Id.*

■■■ The penalty under Rule 193.6 for a party's failure to respond to a discovery request is mandatory exclusion of the unidentified witness or evidence sought. *Alvarado v. Farah Mfg. Co., Inc.*, 830 S.W.2d 911, 914 (Tex.1992). As the Supreme Court made clear in *Alvarado:*

> The salutary purpose of Rule 215.5 [now Rule 193.6] is to require complete responses to discovery so as to promote responsible assessment of settlement and prevent trial by ambush. The rule is mandatory, and its sole sanction—exclusion of evidence—is automatic, unless there is good cause to excuse its imposition. The good cause exception permits a trial court to excuse a failure to comply with discovery in difficult or impossible circumstances. The trial court has discretion to determine whether the offering party has met his burden of showing good cause to admit the testimony; but the trial court has no discretion to admit testimony excluded by the rule without a showing of good cause.

*Id.* (alteration in original) (citations omitted).

Here, the State did not respond or file written objections to F & H's: 1) Request for Disclosure, 2) Request for Production, and 3) First Set of Interrogatories. The State did, however, respond to F & H's First Request for Admissions on November 5, 1999, and admitted:

• The dispenser is in its possession.

• The dispenser was not identified in the Affidavit or Search Warrant that was obtained relating to its seizure.

• The dispenser is not entirely a game of chance.

• For one dollar, the purchaser of a phone card from the dispenser receives two minutes of telephone time anywhere in the United States.

• The game pieces dispensed are pre-printed.

• The dispenser does not have a "knock off switch."

• The State did not present any evidence to the magistrate in the State's Affidavit that alleged the dispenser was a prohibited device under Chapter

**670**

47 of the Penal Code.[4]

- The Affidavit did not describe or reference the dispenser.
- The dispenser was not examined until after the seizure on February 3, 1999.

F & H filed a "Motion for Discovery Sanctions" which claimed that, despite the State's admissions, it was "completely hamstrung in its efforts to prepare a legal defense" because the State failed to respond to its other discovery requests. At the hearing on the motion on the day of trial, F & H stated that during negotiations it was allowed to inspect certain documents in the State's file. However, F & H was not provided, until the morning of the hearing, certain items that it had previously requested. Among these items were four documents, a videotape and photograph of the dispenser, a written sweepstakes notice that was inside the machine, and a technical manual for F & H's expert to review. F & H argued that the evidence not produced should be excluded, seeking the automatic mandatory exclusion of all of the State's unidentified witnesses's testimony or other evidence sought but not obtained through its requests. *Id.*

The State contended that it did "not have to respond" to F & H's requests. State's counsel stated:

It is still the State's position that discovery under the Texas Rules of Civil Procedure are not—do not come into play under Article—under an Article 18.18 procedure under the Texas Rules of Criminal Procedure.

However, the State's contention was contradicted by its response to F & H's First Request for Admissions. Furthermore, we have determined that the Rules

of Civil Procedure apply. Alternatively, the State argued the "good cause" and "unfair surprise" exceptions available under Rule 193.6. *See* Tex.R. Civ. P. 193.6(a)(1), (2).

The State asserts three reasons why sanctions should not be imposed. First, at trial the State argued that F & H "cannot claim surprise" because it had produced parts of its file which were adequate for F & H to prepare for trial. The State claimed that in an "attempt to eliminate or resolve some matters" it provided F & H with offense reports, a list of witnesses and witness statements, photographs, and other documents. Next, the State suggested that F & H's motion for sanctions on the day of trial was an "ambush tactic" and was "not timely." Finally, on appeal the State argues that F & H has waived its right to the discovery, because it did not obtain a ruling on its Motion to Compel.

The trial court denied F & H's motion without making any findings to excuse for good cause or for lack of unfair surprise or prejudice the State's failure to comply with these discovery requests. We will address the State's three arguments in turn.

### a. Surprise

Rule 193.6 provides an exception to the exclusion of evidence if it "will not unfairly surprise or unfairly prejudice the other parties." *Id.* 193.6(a)(2). On the day of trial, the State explained that after F & H made its discovery requests, discussions between the parties arose on the applicability of the civil discovery rules. As part of these discussions, the State produced offense reports, witness statements, photographs, and other documents. In addition, the State informed F & H

---

**4.** Chapter 47 of the Penal Code is titled "Gambling" and is concerned with, among other things, gambling, gambling promotion, keeping a gambling place, communicating gambling information, and possession of a gambling device, equipment, or paraphernalia. Tex. Pen.Code Ann. §§ 47.01 .14 (Vernon 1994 & Supp.2001).

which witnesses it would call at trial. For these reasons, the State claimed that F & H "cannot claim surprise."

■ First, we note that an attorney's unsworn factual allegations at a hearing may not be considered as evidence to support his client's failure to comply with discovery. *Minns v. Piotrowski,* 904 S.W.2d 161, 169 (Tex.App.—Waco 1995), *writ denied with per curiam opinion,* 917 S.W.2d 796 (Tex.1996). Furthermore, although it was undisputed that some information was produced to F & H's counsel before trial, the record is clear that other information that was requested in F & H's unanswered discovery has yet to be produced or was not produced until the day of trial.

For example, the State did not respond to F & H's discovery requests which asked: 1) the legal theories in support of the State's allegations that the property should be forfeited; 2) the names, addresses, and phone numbers of persons with knowledge of relevant facts; and 3) the names of expert witnesses and the substance of their theories. Bearing in mind it was the State's burden to establish that F & H was not unfairly surprised or prejudiced, on this record it would be an abuse of discretion for the trial court to find that the State's failure to respond to F & H's discovery requests would not unfairly surprise or prejudice F & H. Tex.R. Civ. P. 193.6(a)(2). As a result, this Rule 193.6 exception to the exclusion of evidence does not apply.

### b. Ambush tactic

■ On the day of trial, the State suggested that F & H's motion for sanctions was an "ambush tactic" and was "not timely." This argument has been considered and rejected by the Corpus Christi Court of Appeals in *Alexander v. State,* 803 S.W.2d 852, 858 (Tex.App.—Corpus

Christi 1991, pet. denied). In *Alexander,* the appellant sought to exclude the testimony of a witness who was not properly identified in discovery pursuant to Rule 215.5 [now Rule 193.6]. *Id.* The trial judge, however, declined to exclude the evidence because the appellant did not file a motion for sanctions to compel the State to respond to the discovery. *Id.* The Corpus Christi Court held that "the trial court's admission of [a witness]'s testimony simply because appellants had not filed a motion for sanctions prior to trial was error." *Id.* We agree and reject the State's argument.

■ Additionally, even if this defense were available to the State, we do not see how the State could have been ambushed on November 12, 1999, the day of trial. The State received F & H's discovery requests on July 2, 1999. A party has no duty to remind another party to abide by the Rules of Civil Procedure. *Sharp v. Broadway Nat. Bank,* 784 S.W.2d 669, 671–72 (Tex.1990). The State had more than ample time to answer F & H's discovery requests and can hardly claim "ambush" based on these facts.

### c. Waiver

■ On appeal, the State takes the position that F & H waived its right to discovery because it did not obtain a ruling on its Motion to Compel. In support of this argument, the State cites a number of cases—notably *Remington Arms Co., Inc. v. Caldwell,* 850 S.W.2d 167, 176 (Tex. 1993)—which hold that pretrial discovery disputes are waived when not ruled on prior to trial.

■ However, a trial objection is sufficient to preserve an objection to testimony of a witness or other evidence not properly identified in discovery. *Alexander,* 803 S.W.2d at 858. We find that F & H's motion to exclude the evidence immediately prior to the presentation of the

State's witnesses and again during trial, which the court overruled, was sufficient to preserve the complaint. *Id.*

Alternatively, there is support for the contention that because the State did not object to F & H's discovery requests, but instead simply ignored them, the State's waiver argument must fail. The Fort Worth Court of Appeals recently encountered this situation in *Swain v. Southwestern Bell Yellow Pages, Inc.,* 998 S.W.2d 731, 733 (Tex.App.—Fort Worth 1999, no pet.). In *Swain,* the Court stated:

> ... Swain does not dispute the fact that he failed to respond to Southwestern Bell's discovery requests. Nor does Swain argue that he had good cause for failing to do so. Instead, he simply contends that Southwestern Bell waived the right to have his testimony excluded because it did not file a motion to compel discovery. We disagree.
>
> The cases cited by Swain in support of his position are factually distinguishable because they involve discovery *disputes. See Remington Arms Co. v. Caldwell,* 850 S.W.2d 167, 170 (Tex.1993); *Lewis v. Western Waste Indus.,* 950 S.W.2d 407, 410 (Tex.App.—Houston [1st Dist.] 1997, no writ); *Smith v. O'Neal,* 850 S.W.2d 797, 799 (Tex.App.—Houston [14th Dist.] 1993, no writ). Here, there was no discovery *dispute* to be resolved. Swain did not contest any of the discovery requests submitted by Southwestern Bell—he simply ignored them.

> . . .

> Because Rule 215.5 [now Rule 193.6] is an automatic rule that mandates the exclusion of evidence that was requested but not provided in discovery, we hold that the trial court was required to ex-

clude Swain's testimony on the issue of damages.

*Id.* (alteration in original).

As in *Swain,* the State never filed written objections or attempted to offer evidence of good cause for why it did not answer F & H's discovery requests. The State simply ignored them. As a result, there was no waiver. *See id.*

### d. Conclusion

▆▆▆ Finding the State's arguments for its failure to respond to discovery requests unpersuasive, we hold that the trial court abused its discretion in not excluding the State's unidentified witnesses's testimony and other evidence which was sought but not obtained. TEX.R. CIV. P. 193.6.; *see Henry S. Miller Co. v. Bynum,* 836 S.W.2d 160, 162 (Tex.1992).

### Was the error harmless?

Having determined that the trial court abused its discretion in not excluding the evidence, we must determine if the error amounted to such a denial of F & H's rights as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. TEX.R.APP. P. 44.1. As stated before, although some information was produced to F & H's counsel before trial, the record is clear that other information that was requested in F & H's unanswered discovery has yet to be produced or was not produced until the day of trial. For example, the State did not respond to F & H's discovery requests which asked: 1) the legal theories in support of the State's allegations that the property should be forfeited; 2) the names, addresses, and phone numbers of persons with knowledge of relevant facts; and 3) the names of expert witnesses and the substance of their theories.

Furthermore, the State never objected to F & H's discovery requests. Nor did

the State's counsel suggest at trial that F & H withdrew the discovery requests. F & H presented discovery requests, and the State simply ignored them.

The trial court signed an Order of Forfeiture declaring the dispenser to be a "gambling device, gambling paraphernalia, and gambling proceeds" under article 18.18(b) of the Code of Criminal Procedure. We find that the trial court's consideration of evidence which should have been excluded was reasonably calculated to cause and probably did cause the rendition of an improper judgment. *Id.* This consideration arose, at least in part, from the mistaken notion that the Rules of Civil Procedure do not apply to forfeiture proceedings under article 18.18(b) of the Code of Criminal Procedure. TEX.CODE CRIM. PROC. ANN. art. 18.18(b). Accordingly, we reverse the judgment of the trial court and remand the cause, so that the State will comply with F & H's discovery requests pursuant to the Rules of Civil Procedure.

## CONCLUSION

The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.