COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-069-CV

 

 

KATHLEEN DIDUR-JONES                                                     APPELLANT

 

                                                   V.

 

FAMILY DOLLAR, INC.                                                            APPELLEE

 

                                              ------------

 

              FROM
THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction

In seven
points, Appellant Kathleen Didur-Jones asserts that the trial court erred by
granting Appellee Family Dollar, Inc.=s motion
to strike her pleadings on damages and granting a take nothing judgment against
her.  We affirm.








II. 
Factual and Procedural History

In
February 2005, Didur-Jones allegedly fell in a Family Dollar store because of
merchandise that had been left on the floor. 
Nearly two years later, she filed a premises liability claim against
Family Dollar, claiming that as a result of the fall, she had been Ainjured
and ha[d] been forced to incur reasonable and necessary medical expenses and
ha[d] undergone pain and suffering . . . .@

On June
5, 2007, Family Dollar sent Didur-Jones a request for disclosure asking, among
other things, for Didur-Jones to disclose the amount and method of calculating
economic damages.  See Tex. R.
Civ. P. 194.2(d).  Approximately one
month later, Didur-Jones filed a response, in which she did not disclose the
amount or method of calculating damages but instead reserved the right to
supplement her response, stating that Aall
needed information has not been supplied to this office at this time and
plaintiff has not completed medical treatment as of this date.@  








The case
was initially set for February 19, 2008, but the trial court granted
Didur-Jones=s first motion for continuance
and reset the trial for June 23, 2008. 
The parties filed an agreed scheduling order in which they agreed that
pre-trial discovery would close on May 23, 2008; however, Didur-Jones did not
supplement her response regarding the amount or calculation of economic damages
by the May 23 deadline.  Instead, on June
6, 2008, she filed a second motion for continuance.  The trial court granted the motion and reset
the trial for December 1, 2008. 

On
November 19, 2008, Family Dollar filed a motion to strike Didur-Jones=s
evidence of damages, relying on three grounds: 
(1) Didur-Jones failed to adequately respond to Family Dollars=s
request for disclosure on the amount and method of calculating economic
damages; (2) Didur-Jones had not filed pre-trial affidavits as provided for by
section 18.001 of the civil practice and remedies code and therefore could not
establish that her medical expenses were reasonable and necessary; and (3)
Didur-Jones=s medical records were
inadmissible because they had not been properly authenticated under Texas Rule
of Evidence 902(10).  On November 21,
2008, Didur-Jones submitted a supplemental response to Family Dollar=s
request for disclosure.  Family Dollar
filed a motion to strike her supplemental response on the ground that it was
untimely.  

On
November 26, 2008, Didur-Jones filed her third motion for continuance and a
reply to Family Dollar=s motions to strike.  In her reply, Didur-Jones argued that the
only economic damages involved in the case were medical bills, and that,
although she had not formally supplemented her reply to Family Dollar=s
request for disclosure, she had mailed or faxed to Family Dollar all medical
bills as they were received.








At the
November 26, 2008 hearing, Family Dollar presented arguments that Didur-Jones=s
economic damages evidence should be excluded on the grounds in its motions, as
well as under rule of civil procedure 193.6. 
Following the hearing, the trial court denied Didur-Jones=s third
motion for continuance and granted both of Family Dollar=s
motions to strike.  When the case was
called for trial on December 1, 2008, Didur-Jones announced Anot
ready,@ and the
trial court entered a take nothing judgment in favor of Family Dollar.  This appeal followed.

III. 
Exclusion of Evidence








Didur-Jones
complains that the trial court abused its discretion by striking her pleadings
on damages and granting a take nothing judgment.  She asserts that the trial court did this by
imposing a discovery sanction that was more severe than necessary without first
imposing a lesser sanction or first determining the prejudice to Family Dollar,
and that the sanction imposed had no direct relationship with the conduct to be
sanctioned.  She also argues that the
trial court abused its discretion if the sanction was based on the failure to
file affidavits under section 18.001 of the civil practice and remedies code,
and when Ait punished the plaintiff with a
death penalty sanction for her attorney=s
misconduct without any consideration as to whether she herself was in any way
responsible for the discovery violation and there was no evidence that she was.@[2] 








As an
initial matter, we note that although Didur-Jones claims that her pleadings on
damages were stricken and that this constituted a Adeath penalty
sanction,@ this did not occur.  Generally, a death penalty sanction occurs
through striking pleadings and dismissing an action or rendering a default
judgmentCin short, the
preclusion of a decision on the merits.  TransAm.
Natural Gas Corp. v. Powell, 811 S.W.2d 913, 918B20 (Tex.
1991).  An examination of the motions to
strike,[3]
responses, replies, and the record of the hearings on the third motion for
continuance and the bench trial makes clear that the trial court struck only
the economic damages evidence.[4]  The court neither struck her pleadings nor
her non-economic damages. 

A.  Standard of Review

We
review a trial court=s evidentiary rulings for an
abuse of discretion.  Horizon/CMS
Healthcare Corp. v. Auld, 34 S.W.3d 887, 906 (Tex. 2000).  To determine whether a trial court abused
its discretion, we must decide whether the trial court acted without reference
to any guiding rules or principles; in other words, we must decide whether the
act was arbitrary or unreasonable.  Cire
v. Cummings, 134 S.W.3d 835, 838B39 (Tex.
2004).  We must uphold the trial court=s
evidentiary ruling if there is any legitimate basis in the record for the
ruling.  Owens-Corning Fiberglas Corp.
v. Malone, 972 S.W.2d 35, 43 (Tex. 1998). 


B.  Discovery Rule 193.6








At the
hearing on Didur-Jones=s motion for continuance, one of
Family Dollar=s arguments for excluding
Didur-Jones=s economic damages evidence was
that the trial court could exclude the evidence under rule of civil procedure
193.6.  Didur-Jones appeared to argue in
response that rule 193.6=s exceptions for good cause,
lack of unfair prejudice, and lack of surprise applied.  Therefore, we will first consider Didur-Jones=s points
under rule 193.6.  See, e.g., F &
H Invests., Inc. v. State, 55 S.W.3d 663, 668B69 (Tex.
App.CWaco
2001, no pet.) (analyzing motion for sanctions under rule 193.6 when both
parties argued the motion as if it were an objection to the introduction of
evidence under rule 193.6, the movant requested the relief available under rule
193.6, and the nonmovant attempted to use the defenses available under rule
193.6).








Under
rule 193.6, discovery that is not timely disclosed is inadmissible as
evidence.  Tex. R. Civ. P. 193.6(a); Fort
Brown Villas III Condo. Ass=n, Inc.
v. Gillenwater, 285 S.W.3d 879, 881 (Tex. 2009).  A[I]t is
presumed that an amended or supplemental response made less than 30 days before
trial was not made reasonably promptly.@  Tex. R. Civ. P. 193.5(b).  The exclusion of evidence for failure to
respond is automatic unless one of rule 193.6=s
exceptions applies.  Tex. R. Civ. P.
193.6(a)(1), (2); see, e.g., Patton v. Saint Joseph=s Hosp., 887
S.W.2d 233, 237 (Tex. App.CFort
Worth 1994, writ denied) (applying former rule 215(5), the predecessor to rule
193.6).  Furthermore, the cautionary
factors set out in TransAmerican Natural Gas Corp. apply
to discretionary sanctions, not to the automatic sanctions under rule
193.6.  See Tex. R. Civ. P. 193.6;
TransAm. Natural Gas Corp., 811 S.W.2d at 917; Patton, 887 S.W.2d
at 238; see also Am. Flood Research, Inc. v. Jones, 192 S.W.3d 581, 582B83 (Tex.
2006) (applying the abuse of discretion standard to the imposition of sanctions
under rule 215).

A party
who fails to make, amend, or supplement a discovery response in a timely manner
may not introduce in evidence the material or information that was not timely
disclosed unless the court finds that (1) there was good cause for the failure
to timely disclose or (2) the failure will not unfairly surprise or prejudice
the other parties.  Tex. Mun. League
Intergovernmental Risk Pool v. Burns, 209 S.W.3d 806, 817 (Tex. App.CFort
Worth 2006, no pet.) (citing Tex. R. Civ. P. 193.6(a)).  AThe
salutary purpose of [this rule] is to require complete responses to discovery
so as to promote responsible assessment of settlement and prevent trial by
ambush.@  Alvarado v. Farah Mfg. Co., 830 S.W.2d
911, 914 (Tex. 1992) (applying former rule 215(5), the predecessor to rule
193.6).  The burden of establishing good
cause or lack of unfair surprise or prejudice is on the party seeking to
introduce the evidence.  Tex. R. Civ. P.
193.6(b); IAC, Ltd. v. Bell Helicopter Textron, Inc., 160 S.W.3d 191,
202 (Tex. App.CFort Worth 2005, no pet.). The
trial court has discretion to determine whether the offering party has met its
burden.  Burns, 209 S.W.3d at 817
(citing Alvarado, 830 S.W.2d at 914).     








Didur-Jones
argued at the hearing that because her treatment was ongoing, it was Aimpossible@ to say
what her economic damages were, and that 

whenever we got anything, we didn=tCwe did not file a formal amendment.  But whenever we got anything, we faxed it
over to opposing counsel.  So they=ve actually been
furnished with everything we have.

 

Now theCthe treating doctor . . . whoCwho we couldn=t get his deposition, is
about 90 percent of the damages.  He=s the one that did the
two operations and then the big items of damage in this case.  I planned to prove up his bill when we took
his deposition.  We never took his deposition,
although we had agreed to set it in September. . . .  We held on taking his deposition as long as
possible so that these surgeries could be completed. . . . 

 

Now, we could have taken his deposition earlier,
but what could he have said? . . . I=d have to re-depose him when the second
corrective surgery was done and then re-depose him again before the lumbar
surgery was done.

 

Now, I
thought the lumbar surgery would have doneCbeen
done since, but I can=t hurry these doctors. . .
.  We have not filed formalCformal
supplementation, but if I filed a formal supplementation, I would have to say,
as I did, that economic damages are still undetermined. 

Family Dollar responded by
stating:

Plaintiff has indicated it was impossible to timely disclose their
damages. . . .  In their late
supplementation on November 21st of 2008, plaintiff doesCdid fax over this.  This is the first time we=ve seen thisCthis up-to-date
accounting of her alleged medical damages, which show that they have been
ongoing; therefore, [they] were clearly available to plaintiff to disclose to
defendant atCat any time, which theyCthey never were
done.  Therefore, theCthe argument it is
impossible to put forth plaintiff=s economic damages is notCnot correct, Your Honor.








Therefore,
as of each and every closingCeachCeach
discovery deadline, the only damages that were put before the Court, informally
provided, I should say, to defendant, was the amount of $12,499.[5]  These otherCthe
other estimates, like I said, don=t even
reference plaintiff, and itCand it
really [does not] give us anyway toCit
forces the defendant to speculate as to what potential damages plaintiff would
be claiming.

It is
undisputed that Didur-Jones failed to formally supplement her response to the
portion of Family Dollar=s request for disclosure seeking
the amount and method of calculating economic damages.  See Tex. R. Civ. P. 194.2(d); see
also Tex. R. Civ. P. 193.5(b) (AAn
amended or supplemental response must be in the same form as the initial
response.@).  And there is nothing in the record to show
why economic damages incurred up to the time of trial could not have been
provided in response to Family Dollar=s
request for disclosure, despite Didur-Jones=s
argument that she was still under treatment. 








Based on
the record before us, we cannot say that the trial court abused its discretion
by determining that Didur-Jones failed to meet her burden of establishing good
cause or lack of unfair surprise or prejudice. 
See Tex. R. Civ. P. 193.6(b); Burns, 209 S.W.3d at 817; IAC,
Ltd., 160 S.W.3d at 202.  And because
the exclusion of evidence under rule 193.6 is automatic, we need not address
Didur-Jones=s complaints regarding the
exclusion of the same evidence pursuant to section 18.001 of the civil practice
and remedies code or rule of civil procedure 215=s
discretionary Adeath penalty@
sanctions.  See Tex. R. App. P.
47.1.         

IV. 
Conclusion

We
affirm the trial court=s judgment.

 

BOB MCCOY

JUSTICE

 

PANEL: LIVINGSTON, MCCOY, and MEIER, JJ.

 

DELIVERED: November 19, 2009











[1]See Tex. R. App. P. 47.4.





[2]The trial court=s orders on the motions to strike
merely state that the court, Aafter considering [the motion] and after considering
arguments of counsel, finds that the Motion is well taken and should be
GRANTED.@





[3]Family Dollar=s original motion to strike specifically
references its request that Didur-Jones disclose Athe amount of and method of
calculating economic damages,@ and complains that her only response was that she reserved
the right to supplement.  Family Dollar=s motion to strike the first
supplemental response to request for disclosure argues that the supplemental
response should be excluded for failure to be made Areasonably promptly,@ complaining that 

 

with only 10 days to go before
trial, Family Dollar has now received an Accent medical expenses printout which
appears to represent Plaintiff=s medical expenses along with a few inexplicable generic
printouts.  To allow [Didur-]Jones to
admit evidence of these alleged damages at this late stage would clearly
constitute the very Atrial by ambush@ Rule 215 is aimed at preventing.





[4]After the trial court made its
ruling at the continuance hearing, Didur-Jones=s attorney made the following
request:  AYour Honor, respectfully, I have to
say that since about 90 percent of my damages is of this lady=s medical bills, we cannot try this
case.  I would respectfully request a
judgment be entered against theCagainst our client so that we can appeal.@





[5]Didur-Jones sought Amonetary relief aggregating
$100,000.00 or more, excluding costs, pre-judgment interest and attorney fees@ in her first amended original
petition.