

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-069-CV

KATHLEEN DIDUR-JONES                                    APPELLANT

V.

FAMILY DOLLAR, INC.                                        APPELLEE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I. Introduction

In seven points, Appellant Kathleen Didur-Jones asserts that the trial court erred by granting Appellee Family Dollar, Inc.'s motion to strike her pleadings on damages and granting a take nothing judgment against her. We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## II.  Factual and Procedural History

In February 2005, Didur-Jones allegedly fell in a Family Dollar store because of merchandise that had been left on the floor.  Nearly two years later, she filed a premises liability claim against Family Dollar, claiming that as a result of the fall, she had been "injured and ha[d] been forced to incur reasonable and necessary medical expenses and ha[d] undergone pain and suffering . . . ."

On June 5, 2007, Family Dollar sent Didur-Jones a request for disclosure asking, among other things, for Didur-Jones to disclose the amount and method of calculating economic damages.  *See* Tex. R. Civ. P. 194.2(d).  Approximately one month later, Didur-Jones filed a response, in which she did not disclose the amount or method of calculating damages but instead reserved the right to supplement her response, stating that "all needed information has not been supplied to this office at this time and plaintiff has not completed medical treatment as of this date."

The case was initially set for February 19, 2008, but the trial court granted Didur-Jones's first motion for continuance and reset the trial for June 23, 2008.  The parties filed an agreed scheduling order in which they agreed that pre-trial discovery would close on May 23, 2008; however, Didur-Jones did not supplement her response regarding the amount or calculation of economic damages by the May 23 deadline.  Instead, on June 6, 2008, she

2

filed a second motion for continuance. The trial court granted the motion and reset the trial for December 1, 2008.

On November 19, 2008, Family Dollar filed a motion to strike Didur-Jones's evidence of damages, relying on three grounds: (1) Didur-Jones failed to adequately respond to Family Dollars's request for disclosure on the amount and method of calculating economic damages; (2) Didur-Jones had not filed pre-trial affidavits as provided for by section 18.001 of the civil practice and remedies code and therefore could not establish that her medical expenses were reasonable and necessary; and (3) Didur-Jones's medical records were inadmissible because they had not been properly authenticated under Texas Rule of Evidence 902(10). On November 21, 2008, Didur-Jones submitted a supplemental response to Family Dollar's request for disclosure. Family Dollar filed a motion to strike her supplemental response on the ground that it was untimely.

On November 26, 2008, Didur-Jones filed her third motion for continuance and a reply to Family Dollar's motions to strike. In her reply, Didur-Jones argued that the only economic damages involved in the case were medical bills, and that, although she had not formally supplemented her reply to Family Dollar's request for disclosure, she had mailed or faxed to Family Dollar all medical bills as they were received.

At the November 26, 2008 hearing, Family Dollar presented arguments that Didur-Jones's economic damages evidence should be excluded on the grounds in its motions, as well as under rule of civil procedure 193.6. Following the hearing, the trial court denied Didur-Jones's third motion for continuance and granted both of Family Dollar's motions to strike. When the case was called for trial on December 1, 2008, Didur-Jones announced "not ready," and the trial court entered a take nothing judgment in favor of Family Dollar. This appeal followed.

### III. Exclusion of Evidence

Didur-Jones complains that the trial court abused its discretion by striking her pleadings on damages and granting a take nothing judgment. She asserts that the trial court did this by imposing a discovery sanction that was more severe than necessary without first imposing a lesser sanction or first determining the prejudice to Family Dollar, and that the sanction imposed had no direct relationship with the conduct to be sanctioned. She also argues that the trial court abused its discretion if the sanction was based on the failure to file affidavits under section 18.001 of the civil practice and remedies code, and when "it punished the plaintiff with a death penalty sanction for her attorney's misconduct without any consideration as to whether she herself was in any

4

way responsible for the discovery violation and there was no evidence that she was."[2]

As an initial matter, we note that although Didur-Jones claims that her pleadings on damages were stricken and that this constituted a "death penalty sanction," this did not occur. Generally, a death penalty sanction occurs through striking pleadings and dismissing an action or rendering a default judgment—in short, the preclusion of a decision on the merits. *TransAm. Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 918–20 (Tex. 1991). An examination of the motions to strike,[3] responses, replies, and the record of the hearings on the third motion for continuance and the bench trial makes clear

---

[2] The trial court's orders on the motions to strike merely state that the court, "after considering [the motion] and after considering arguments of counsel, finds that the Motion is well taken and should be GRANTED."

[3] Family Dollar's original motion to strike specifically references its request that Didur-Jones disclose "the amount of and method of calculating economic damages," and complains that her only response was that she reserved the right to supplement. Family Dollar's motion to strike the first supplemental response to request for disclosure argues that the supplemental response should be excluded for failure to be made "reasonably promptly," complaining that

> with only 10 days to go before trial, Family Dollar has now received an Accent medical expenses printout which appears to represent Plaintiff's medical expenses along with a few inexplicable generic printouts. To allow [Didur-]Jones to admit evidence of these alleged damages at this late stage would clearly constitute the very "trial by ambush" Rule 215 is aimed at preventing.

that the trial court struck only the economic damages evidence.[4]  The court

neither struck her pleadings nor her non-economic damages.

## A.  Standard of Review

We review a trial court's evidentiary rulings for an abuse of discretion.

*Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 906 (Tex. 2000).  To

determine whether a trial court abused its discretion, we must decide whether

the trial court acted without reference to any guiding rules or principles; in other

words, we must decide whether the act was arbitrary or unreasonable.  *Cire v.*

*Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).  We must uphold the trial

court's evidentiary ruling if there is any legitimate basis in the record for the

ruling.  *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex.

1998).

## B.  Discovery Rule 193.6

At the hearing on Didur-Jones's motion for continuance, one of Family

Dollar's arguments for excluding Didur-Jones's economic damages evidence

was that the trial court could exclude the evidence under rule of civil procedure

---

[4] After the trial court made its ruling at the continuance hearing, Didur-Jones's attorney made the following request:  "Your Honor, respectfully, I have to say that since about 90 percent of my damages is of this lady's medical bills, we cannot try this case.  I would respectfully request a judgment be entered against the— against our client so that we can appeal."

193.6. Didur-Jones appeared to argue in response that rule 193.6's exceptions for good cause, lack of unfair prejudice, and lack of surprise applied. Therefore, we will first consider Didur-Jones's points under rule 193.6. *See, e.g., F & H Invests., Inc. v. State*, 55 S.W.3d 663, 668–69 (Tex. App.—Waco 2001, no pet.) (analyzing motion for sanctions under rule 193.6 when both parties argued the motion as if it were an objection to the introduction of evidence under rule 193.6, the movant requested the relief available under rule 193.6, and the nonmovant attempted to use the defenses available under rule 193.6).

Under rule 193.6, discovery that is not timely disclosed is inadmissible as evidence. Tex. R. Civ. P. 193.6(a); *Fort Brown Villas III Condo. Ass'n, Inc. v. Gillenwater*, 285 S.W.3d 879, 881 (Tex. 2009). "[I]t is presumed that an amended or supplemental response made less than 30 days before trial was not made reasonably promptly." Tex. R. Civ. P. 193.5(b). The exclusion of evidence for failure to respond is automatic unless one of rule 193.6's exceptions applies. Tex. R. Civ. P. 193.6(a)(1), (2); *see, e.g., Patton v. Saint Joseph's Hosp.*, 887 S.W.2d 233, 237 (Tex. App.—Fort Worth 1994, writ denied) (applying former rule 215(5), the predecessor to rule 193.6). Furthermore, the cautionary factors set out in *TransAmerican Natural Gas Corp.* apply to discretionary sanctions, not to the automatic sanctions under rule 193.6. *See* Tex. R. Civ. P. 193.6; *TransAm. Natural Gas Corp.*, 811 S.W.2d

7

at 917; *Patton*, 887 S.W.2d at 238; *see also Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 582–83 (Tex. 2006) (applying the abuse of discretion standard to the imposition of sanctions under rule 215).

A party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed unless the court finds that (1) there was good cause for the failure to timely disclose or (2) the failure will not unfairly surprise or prejudice the other parties. *Tex. Mun. League Intergovernmental Risk Pool v. Burns*, 209 S.W.3d 806, 817 (Tex. App.—Fort Worth 2006, no pet.) (citing Tex. R. Civ. P. 193.6(a)). "The salutary purpose of [this rule] is to require complete responses to discovery so as to promote responsible assessment of settlement and prevent trial by ambush." *Alvarado v. Farah Mfg. Co.*, 830 S.W.2d 911, 914 (Tex. 1992) (applying former rule 215(5), the predecessor to rule 193.6). The burden of establishing good cause or lack of unfair surprise or prejudice is on the party seeking to introduce the evidence. Tex. R. Civ. P. 193.6(b); *IAC, Ltd. v. Bell Helicopter Textron, Inc.*, 160 S.W.3d 191, 202 (Tex. App.—Fort Worth 2005, no pet.). The trial court has discretion to determine whether the offering party has met its burden. *Burns*, 209 S.W.3d at 817 (citing *Alvarado*, 830 S.W.2d at 914).

Didur-Jones argued at the hearing that because her treatment was ongoing, it was "impossible" to say what her economic damages were, and that

> whenever we got anything, we didn't—we did not file a formal amendment. But whenever we got anything, we faxed it over to opposing counsel. So they've actually been furnished with everything we have.
>
> Now the—the treating doctor . . . who—who we couldn't get his deposition, is about 90 percent of the damages. He's the one that did the two operations and then the big items of damage in this case. I planned to prove up his bill when we took his deposition. We never took his deposition, although we had agreed to set it in September. . . . We held on taking his deposition as long as possible so that these surgeries could be completed. . . .
>
> Now, we could have taken his deposition earlier, but what could he have said? . . . I'd have to re-depose him when the second corrective surgery was done and then re-depose him again before the lumbar surgery was done.
>
> Now, I thought the lumbar surgery would have done—been done since, but I can't hurry these doctors. . . . We have not filed formal—formal supplementation, but if I filed a formal supplementation, I would have to say, as I did, that economic damages are still undetermined.

Family Dollar responded by stating:

> Plaintiff has indicated it was impossible to timely disclose their damages. . . . In their late supplementation on November 21st of 2008, plaintiff does—did fax over this. This is the first time we've seen this—this up-to-date accounting of her alleged medical damages, which show that they have been ongoing; therefore, [they] were clearly available to plaintiff to disclose to defendant at—at any time, which they—they never were done. Therefore, the—the argument it is impossible to put forth plaintiff's economic damages is not—not correct, Your Honor.

9

Therefore, as of each and every closing—each—each discovery deadline, the only damages that were put before the Court, informally provided, I should say, to defendant, was the amount of $12,499.[5] These other—the other estimates, like I said, don't even reference plaintiff, and it—and it really [does not] give us anyway to—it forces the defendant to speculate as to what potential damages plaintiff would be claiming.

It is undisputed that Didur-Jones failed to formally supplement her response to the portion of Family Dollar's request for disclosure seeking the amount and method of calculating economic damages. *See* Tex. R. Civ. P. 194.2(d); *see also* Tex. R. Civ. P. 193.5(b) ("An amended or supplemental response must be in the same form as the initial response."). And there is nothing in the record to show why economic damages incurred up to the time of trial could not have been provided in response to Family Dollar's request for disclosure, despite Didur-Jones's argument that she was still under treatment.

Based on the record before us, we cannot say that the trial court abused its discretion by determining that Didur-Jones failed to meet her burden of establishing good cause or lack of unfair surprise or prejudice. *See* Tex. R. Civ. P. 193.6(b); *Burns*, 209 S.W.3d at 817; *IAC, Ltd.*, 160 S.W.3d at 202. And because the exclusion of evidence under rule 193.6 is automatic, we need not

---

[5] Didur-Jones sought "monetary relief aggregating $100,000.00 or more, excluding costs, pre-judgment interest and attorney fees" in her first amended original petition.

10

address Didur-Jones's complaints regarding the exclusion of the same evidence pursuant to section 18.001 of the civil practice and remedies code or rule of civil procedure 215's discretionary "death penalty" sanctions. *See* Tex. R. App. P. 47.1.

## IV.  Conclusion

We affirm the trial court's judgment.


BOB MCCOY
JUSTICE

PANEL: LIVINGSTON, MCCOY, and MEIER, JJ.

DELIVERED: November 19, 2009