Ben SMITH, D.D.S., Appellant,

v.

Catherine Ann O'NEAL, Appellee.

No. C14–92–00744–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 18, 1993.

Bill Griffey, George Vie, III, Houston, for appellant.

John S. Powell, Houston, for appellee.

Before ROBERTSON, CANNON and BOWERS, JJ.

## OPINION

BOWERS, Justice.

Appellant, Ben Smith, D.D.S., appeals from a jury verdict and judgment in favor of appellee, Catherine Ann O'Neal, in the amount of $56,608.41. In two points of error, appellant complains the trial court erred by allowing appellee's expert witness to testify and by denying appellant's motion for new trial. We affirm.

This is a medical malpractice claim. On July 16, 1984, Ben Smith, D.D.S., a general practice dentist, initially examined O'Neal. O'Neal testified that she told Dr. Smith she had pain on her lower right side and wanted cosmetic work done on her teeth. Dr. Smith and O'Neal discussed a plan for comprehensive treatment, including root canal and fillings. On July 26, 1984, Dr. Smith told O'Neal that tooth number 14, an upper left molar, should be extracted. O'Neal advised Dr. Smith that another dentist had warned O'Neal in 1982 that tooth number 14 should not be pulled because it was embedded in the sinus. Dr. Smith responded that all of O'Neal's top teeth were in the sinus and that extraction was no problem. O'Neal relented to Dr. Smith's judgment and tooth number 14 was extracted. Dr. Smith performed the extraction before doing a general teeth cleaning procedure, a root canal, or other restorative work.

Complications developed in the extraction process resulting in an oral antral perforation of the sinus cavity wall. This perforation resulted in an opening between the mouth and the sinus. Dr. Smith packed the antral opening with gel foam material.

Four days after the extraction, Dr. Smith began root canal work even though the antral opening wound was not healed. On the fifth day following the extraction, Dr. Smith put fillings in four teeth. Dr. Smith, in performing these additional procedures used both high and low speed drills, capable of flinging bacteria and other debris about the mouth.

Three weeks after the extraction, a tissue mass developed in the tooth socket. Dr. Smith removed the mass and curettaged, repacked, and sutured the area. Approximately two weeks later, on October 4, 1984, a second mass appeared and Dr. Smith referred O'Neal to Dr. James Hebert, an oral surgeon.

Dr. Hebert testified that the degree of infection inhibited proper healing and closure of the extraction site. After several more months, in January 1985, O'Neal was referred to Dr. Joel Berman, an ear, nose and throat specialist. Because of the continual deterioration, Dr. Berman performed an operation known as a Caldwell–Luc procedure. This surgical procedure sealed the extraction site. The surgery required hospitalization and a four to six week recuperation period.

In his first point of error, appellant argues the trial court erred in denying his motion to strike appellee's expert witness, Dr. Ava Miedzinski.

Appellant submitted interrogatories to appellee requesting, *inter alia*, that appellee "designate any expert witness who may

be called to testify...." Appellant also submitted a request for production, in which appellant requested "a copy of each and every journal, book, treatise, article or other piece of medical literature" upon which appellant intended to rely or offer into evidence, or use to examine any medical witness.

On June 14, 1988, appellee designated Dr. Ava Miedzinski as appellee's expert witness. On July 7, 1988, a report stating Dr. Miedzinski's opinions was provided to appellant's counsel. Dr. Miedzinski's deposition was taken on November 29, 1988 and her earlier opinions were attached as exhibits to her deposition. Also attached as an exhibit to her deposition was a listing of texts Dr. Miedzinski used as source material. In her deposition, Dr. Miedzinski indicated that reprints of text material had been sent to appellee's counsel, Mr. Powell. She also indicated she had received correspondence from Mr. Powell.

Appellant does not dispute that appellee's expert witness was timely designated. Appellant argued in his motion to strike that Dr. Miedzinski failed to provide copies of correspondence between herself and appellee's counsel; copies of her notes; and copies of any highlighted textual material related directly to this case. Appellant did not file a pre-trial motion to compel production of these documents. Appellant's motion to strike was filed on the day of trial, February 11, 1992, approximately three years, 8 months after Dr. Miedzinski's deposition was taken.

Dr. Miedzinski testified at the hearing on appellant's motion to strike that she believed she had sent copies of text information and she qualified her answer by stating "I don't know what I had. Whatever I did have, I either gave it to Mr. Powell or he said that he was going to make copies of everything and I shouldn't worry about it." Dr. Miedzinski was not sure if she had delivered copies of pages from source text material and sent it to Mr. Powell, or if she only had referenced the source material to Mr. Powell. Dr. Miedzinski testified she did not retain earlier notes and that she had provided everything she had.

Dr. Miedzinski further testified that the correspondence between herself and Mr. Powell consisted of letters from Mr. Powell requesting that Dr. Miedzinski review the case, along with transmittal letters when x-rays or other records were sent to her for review. Appellant's counsel stated he was not interested in pursuing transmittal letters, but was focusing his complaint upon the alleged failure to produce other letters discussing the case. Dr. Miedzinski responded "there never were such letters." The trial court denied appellant's motion to strike Dr. Miedzinski as an expert witness.

■ A request for production does not require a party to create documents to satisfy the requested material. To be subjected to discovery, the thing or document must exist in the custody, control or possession of a party upon whom the request is served. TEX.R.CIV.P. 167. The record challenges the existence of both copied text information allegedly delivered by Dr. Miedzinski to appellee's counsel, and correspondence discussing the case between Dr. Miedzinski and appellee's counsel.

■ Dr. Miedzinski's deposition clearly identifies source text information underlying her opinions. Appellant's counsel had over three years to investigate that source material. If appellant believed that there were letters discussing the case, and text information with Dr. Miedzinski's handwritten notations, appellant's counsel should have filed a motion for sanctions or a motion to compel, before the day of trial. Failure to file such motions, waived any exclusion of testimony. Failure to obtain a pre-trial ruling on discovery disputes that exist before commencement of trial constitutes a waiver of any claim for sanctions based on that conduct. *Remington Arms Company Inc. v. Honorable Benjamin Martinez, Judge*, 850 S.W.2d 167 (Tex. 1993). Rule 215 does not mandate exclusion of the entire testimony of an expert objected to on grounds other than a failure to identify. TEX.R.CIV.P. 215. Dr. Miedzinski's testimony was limited to what was in her report and to what she testified about in her deposition. Appellee did not enter any evidence subject to exclusion because

appellee did not offer any evidence not previously disclosed to appellant. We overrule appellant's first point of error.

■ In his second point of error, appellant argues that the evidence is factually insufficient to support the judgment. The standard of review requires this court to consider and weigh all of the evidence. *Lofton v. Texas Brine Corp.*, 720 S.W.2d 804, 805 (Tex.1986). The court will set aside the verdict only if it is so contrary to the overwhelming weight of the evidence that it is clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986). The evidence must do more than create suspicion and must be strong enough to warrant a reasonable belief of the existence of the fact being established. *Costa v. Storm*, 682 S.W.2d 599, 602 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.).

■ In a medical malpractice case, the patient must prove by the use of expert testimony, that the diagnosis or treatment complained of constitutes negligence and that the negligence was a proximate cause of the patient's injuries. *Hart v. Van Zandt*, 399 S.W.2d 791, 797 (Tex.1965).

■ Appellant asserts that appellee's expert, Dr. Miedzinski, was not properly qualified to testify against Dr. Smith. Appellant argues that in 1984, when Dr. Smith treated O'Neal, Dr. Miedzinski was not licensed to practice dentistry. Dr. Miedzinski had obtained a dental degree in 1985 and was licensed to practice dentistry in 1988 when she gave her deposition. Appellant argues that Dr. Miedzinski was retained to testify only after she sent several solicitation letters to O'Neal's attorney, stating Dr. Miedzinski's interest in "testifying in court cases." Appellant also complains that on her resume, Dr. Miedzinski listed three references, two of whom are attorneys.

Appellant further argues that Dr. Miedzinski practices dentistry only 15 hours a week. Appellant asserts that Dr. Miedzinski never rendered services as an oral surgeon or as an ear, nose, and throat doctor, nor had she ever performed surgery in a hospital. Appellant emphasizes that Dr.

Smith has extracted approximately 4,000 upper teeth, while in contrast, Dr. Miedzinski has extracted only a few hundred teeth. In summary, appellant argues that Dr. Miedzinski is a recently licensed, part-time practicing general dentist and that her testimony is not sufficient to support the jury's verdict.

A person may qualify as an expert witness if:

> the person is practicing at the time such testimony is given or was practicing at the time the claim arose and has knowledge of accepted standards of medical care for the diagnosis, care, or treatment of the illness, injury, or condition involved in the claim;

> \*　　\*　　\*　　\*　　\*　　\*

> For the purpose of this section, "practicing" includes, but is not limited to, training residents or students at an accredited school of medicine. . . .

TEX.REV.CIV.STAT.ANN. art. 4590i, Subchapter N, § 14.01(a)(1), (2), (b). The trial court interpreted the term "school of medicine" to include dentistry.

In 1984, Dr. Miedzinski was a senior training resident and student practicing medicine. Dr. Miedzinski testified that she was trained and familiar with the standard of care in 1984 and in 1985 when she received her degree. She testified that the standard of care in 1985 was identical to the standard of care in 1984. She also testified that she personally examined Mrs. O'Neal and reviewed the appropriate records. The trial court properly found Dr. Miedzinski qualified as an expert.

■ At trial, Dr. Miedzinski testified that appellant was negligent by extracting the number 14 upper left molar without first attempting endodontic treatment to save the tooth because according to Dr. Smith, appellee was not experiencing pain on the left side of her mouth and tooth number 14 did not present an emergency.

Dr. Miedzinski further testified that Dr. Smith was also negligent in pulling tooth number 14 prior to doing other planned dental work. Dr. Miedzinski testified that non-emergency work that poses a risk of

an antral perforation should not be done before planned restorative endodontic treatment because restorative endodontic treatment further increases the risk of infection to a possible antral perforation.

Dr. Miedzinski also testified that Dr. Smith did an improper extended probing for root fragments that compromised the septic condition of the opening in the mouth. Dr. Miedzinski testified that this extended probing for root fragments should not have done because of the danger of increasing the size of the perforation.

Dr. Miedzinski testified, and appellant's experts agreed, that when an antral perforation to the sinus occurs, closure is required to reduce the risk of infection. Dr. Smith packed the perforation with gel foam, which is not a method of closure.

Dr. Miedzinski further testified that Dr. Smith was negligent by performing a root canal four days after the antral perforation occurred, and that Dr. Smith was further negligent by doing additional restorative work, including fillings, five days after the antral perforation occurred. Dr. Miedzinski also testified that O'Neal's teeth should have been cleaned before the extraction, as opposed to cleaning them after the extraction. Appellant's expert testified that other restorative work should not be done if there is an unhealed wound because the surgical area must be kept clean.

Dr. Miedzinski testified that Dr. Smith was negligent by not referring O'Neal to an oral surgeon for the necessary extraction because of the known risks of roots embedded in the sinus floor. Dr. Smith was also negligent by not referring O'Neal to a specialist when the antral perforation first occurred and later by not referring O'Neal to a specialist when the oro-antral fistula and the infection manifested itself. Appellant's expert witness also testified that it is good medical practice to refer a patient to an oral surgeon or other specialist when complications arise from a sinus molar extraction.

We find the evidence is sufficient to support the jury's finding that Dr. Smith's was negligent and that this negligence was the proximate cause of appellee's injuries. We overrule appellant's second point of error.

Accordingly, we affirm the judgment of the trial court.