Donna LEWIS, Appellant,

v.

WESTERN WASTE INDUSTRIES a/k/a Western Waste Industries, Inc. and A.M. Guzman, Appellees.

No. 01–96–00866–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 3, 1997.

---

---

Rory Stephen Alter, Pasadena, for Appellant.

Karen D. Smith, Douglas R. Drucker, Richard C. Rutledge, Houston, for Appellees.

Before HEDGES, MARGARET GARNER MIRABAL and ANDELL, JJ.

## OPINION

HEDGES, Justice.

Appellant, Donna Lewis, appeals a directed verdict rendered for appellees, Western Waste Industries (WWI) and its employee, A.M. Guzman. On appeal, Lewis contends that the trial court erred (1) in striking testi-

mony of an expert witness, (2) in excluding certain evidence, and (3) in directing a verdict against her. We reverse.

## FACTS

Lewis and Guzman were involved in an automobile collision which resulted in Lewis filing suit against Guzman and his employer, WWI.[1] Appellees propounded interrogatories to Lewis regarding the designation of any expert witnesses, the subject matter to which they would testify, the mental impressions and opinions held by such witnesses, and the facts known to them which related to or formed the basis of the mental impressions and opinions held by them. Lewis responded by listing two expert witnesses, Drs. Moers and Hershman, and stated the subject matter about which they were expected to testify. Lewis also stated that the expert witnesses' mental impressions, opinions, and facts known to them were contained in records either already in the possession of appellees or to which appellees had equal access. At trial, appellees moved to strike the testimony of Dr. Moers on the grounds that his mental impressions, opinions, and facts known to him were not disclosed in the answers to interrogatories. The trial court granted the motion and struck Dr. Moers's testimony. It also excluded Dr. Moers's medical bill, his affidavit regarding the medical bill, his medical records, his narrative report, and the medical records of another physician. The trial court ultimately granted appellees' motion for directed verdict.

## STRICKEN EXPERT TESTIMONY

In point of error one, Lewis contends that the trial court erred in striking Dr. Moers's testimony as an expert witness. Lewis argues that (1) her answer to the interrogatory regarding Dr. Moers's mental impressions, opinions, and facts known to him was truthful and appropriate, (2) appellees unfairly surprised her by waiting until trial to complain about the interrogatory, (3) she sufficiently supplemented her answer to the interrogatory, (4) the trial court abused its discretion in failing to find "good cause" for admitting Dr. Moers's testimony, and (5) exclusion of Dr.

Moers's testimony was too severe a sanction for the trial court to impose.

In their interrogatories to Lewis, appellees included Interrogatory 17, which stated:

> For each such expert witness identified in response to preceding interrogatories, state the subject matter on which the witness is expected to testify, the mental impressions and opinions held by the witness, and all facts known to such expert which relate to or form the basis of the mental impressions and opinions held by the expert.

Lewis had listed Drs. Moers and Hershman in previous answers as potential experts. In response to Interrogatory 17, Lewis stated:

> Drs. Moers and Hershman, if called to testify, will provide testimony in person or by deposition regarding my injuries, diagnosis and prognosis based on reasonable medical or dental probability and the charges which are reasonable and necessary.

> Their mental impressions, opinions and the facts known to them are, I believe, contained in their records which you already possess or to which you have equal access.

Lewis did not supplement her response to Interrogatory 17. Appellees did receive a copy of Dr. Moers' medical records over 10 months before trial by deposition on written questions. Over two months before trial, appellees received a copy of Dr. Moers's narrative report concerning Lewis's condition and treatment. At trial, appellees objected to Dr. Moers as an expert witness and moved to strike his testimony because Lewis had inadequately responded to Interrogatory 17. The trial court granted the motion and struck Dr. Moers's testimony regarding his mental impressions, opinions, and facts known to him forming the basis of such mental impressions and opinions.

### Standard of Review

▆▆▆ Discovery sanctions imposed by a trial court will be set aside only if the court clearly abused its discretion. *Koslow's v. Mackie,* 796 S.W.2d 700, 704 (Tex.1990); *Bair v. Hagans,* 838 S.W.2d 677, 680 (Tex.

1. Guzman was in the course and scope of his employment at the time of the collision.

App.—Houston [1st Dist.] 1992, writ denied). To establish a clear abuse of discretion, it must be shown that the trial court failed to act with reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). The test is whether the trial court's action was arbitrary or unreasonable in light of all the circumstances of the case. *Koslow's,* 796 S.W.2d at 704; *Bair,* 838 S.W.2d at 680.

A party may obtain discovery of the facts known, mental impressions, and opinions of experts, otherwise discoverable, if the information is relevant to the subject matter in the pending action, even if they were acquired or developed in anticipation of litigation. TEX.R. CIV. P. 166b(2)(e). When the subject matter of an expert witness's testimony has not been previously disclosed in response to an appropriate inquiry directly addressed to these matters, such response must be supplemented to include the substance of the testimony concerning which the expert witness is expected to testify, as soon as is practical, but in no event less than 30 days before the beginning of trial except on leave of court. TEX.R. CIV. P. 166b(6)(b).

■ Exclusion of evidence is left to the sound discretion of the trial court. *City of Brownsville v. Alvarado,* 897 S.W.2d 750, 753 (Tex.1995); *Gee v. Liberty Mut. Fire Ins. Co.,* 765 S.W.2d 394, 396 (Tex.1989). For the exclusion of evidence to constitute reversible error, an appellant must show (1) that the trial court committed error, and (2) that the error was reasonably calculated to cause and probably did cause rendition of an improper judgment. *McCraw v. Maris,* 828 S.W.2d 756, 757 (Tex.1992); *Felker v. Petrolon, Inc.,* 929 S.W.2d 460, 467; TEX.R.APP. P. 81(b)(1). A person seeking to reverse a judgment based on evidentiary error need not prove that but for the error a different judgment would necessarily have been rendered, but only that the error probably resulted in the rendition of an improper judgment. *Alvarado,* 897 S.W.2d at 753; *McCraw,* 828 S.W.2d at 758; *Stern v. Wonzer,* 846 S.W.2d 939, 947 (Tex.App.—Houston [1st Dist.] 1993, no writ). In making this determination, we review the entire record. *Alvarado,* 897 S.W.2d at 754; *McCraw,* 828 S.W.2d at 758.

**Surprise**

■ Lewis contends that appellees waived any error by intentionally waiting until trial to move to strike Dr. Moers's testimony. Lewis concludes that because appellees did not file a motion to compel or motion for sanctions and did not obtain a pretrial ruling, they waived any claims for sanctions. We agree.

■ Failure to obtain a pretrial ruling on discovery disputes that exist before commencement of trial constitutes a waiver of any claim for sanctions based on that conduct. *Remington Arms Co., Inc. v. Caldwell,* 850 S.W.2d 167, 170 (Tex.1993); *Smith v. O'Neal,* 850 S.W.2d 797, 799 (Tex.App.—Houston [14th Dist.] 1993, no writ). Failure to file a motion for sanctions or a motion to compel waives any right to exclude testimony. *Smith,* 850 S.W.2d at 799.

In this case, the discovery dispute revolved around an interrogatory propounded by appellees and answered by Lewis. At trial, appellees moved to strike Dr. Moers' testimony based upon its claim that Lewis had inadequately answered that interrogatory. Clearly, appellees knew of this alleged inadequacy before trial. Yet they never filed a motion to compel Lewis to supplement or properly answer, nor did they file a motion for sanctions. Appellees claim that they filed a motion in limine before trial seeking to preclude reference to any witness or any opinion of any witness not properly disclosed in discovery. However, there is no motion in limine contained in the record before us. The record indicates only that appellees moved to strike Dr. Moers's testimony during trial. Therefore, we hold that appellees waived any claim for sanctions by not seeking a pretrial ruling on their complaint about Interrogatory 17. *See Remington,* 850 S.W.2d at 170; *Smith,* 850 S.W.2d at 799. Consequently, the trial court erred in excluding Dr. Moers's testimony. We must now determine whether such error was reasonably calculated to cause and probably did cause rendition of an improper judgment. *See McCraw,* 828 S.W.2d at 757; *Marcuz,* 857 S.W.2d at 625; *Stern,* 846 S.W.2d at 947; TEX.R.APP. P. 81(b)(1).

■ Dr. Moers was one of Lewis's examining physicians after the accident. As stated in Interrogatory 17, Dr. Moers would have testified about Lewis' injuries, her diagnosis and prognosis based upon reasonable medical probability, and reasonable and necessary medical charges. Although Lewis testified about her injuries and that her injuries resulted from the car wreck, Dr. Moers's medical records indicate that he would have provided significant testimony regarding her injuries and treatment. The medical records also indicate, notwithstanding appellees' contention otherwise, that Dr. Moers would have testified that the auto accident caused Lewis's injuries.[2]

More importantly, the trial court used its erroneous striking of Dr. Moers's testimony as a basis for excluding Dr. Moers' medical records, his affidavit, and his narrative report. Consequently, we hold that there is a probability that the trial court's erroneous striking of Dr. Moers' testimony resulted in it rendering an improper judgment.

We sustain point of error one.

Because we hold that the trial court reversibly erred in striking Dr. Moers's testimony, we do not reach the merits of points of error two through seven.

We reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.

---

2. In the medical records (Plaintiff's Exhibit 9), Dr. Moers records Lewis's description of the auto accident and her injuries.