In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00027-CV
____________

WILLIE CEASAR, Appellant

V.

ERICKA A. RODRIGUEZ, Appellee




On Appeal from County Civil Court at Law No. 3 
Harris County, Texas
Trial Court Cause No. 695,056 




MEMORANDUM OPINION
          This is a discovery-sanction case under former rule 215.5 of the Rules of Civil
Procedure.


 Appellant, Willie Ceasar, sued appellee, Ericka A. Rodriguez, for
personal injuries and now appeals a take-nothing judgment rendered in favor of
Rodriguez. The trial court rendered this judgment after refusing to permit Ceasar to
testify in response to Rodriguez’s objection that Ceasar had not identified himself as
a person with knowledge of relevant facts in his responses to Rodriguez’s
interrogatories. Ceasar brings a single issue to challenge the trial court’s refusal to
permit him to testify. We reverse and remand. 
Background
          Ceasar’s pleadings allege he was seated at the far rear of a Houston Metro bus
when the car Rodriguez was driving collided with the rear of the bus with sufficient
force that Ceasar was injured. Ceasar sued Rodriguez for damages related to his
claimed injuries. The record reflects the following undisputed facts concerning the
parties’ pretrial discovery:
          •        Rodriguez deposed Ceasar.
•Rodriguez’s insurance carrier took a statement from Ceasar.
•Rodriguez relied on that statement in responding to Ceasar’s
discovery requests.
 
•In response to Rodriguez’s first set of interrogatories, Ceasar
identified the following as persons with knowledge of relevant
facts: Rodriguez, the passenger in her car, the driver of the Metro
bus, several of his fellow passengers on the bus, and the police
officer who investigated the accident. Ceasar did not, however,
identify himself as a person with knowledge of relevant facts. 
 
•In response to Ceasar’s first set of interrogatories, Rodriguez
identified the following as persons with knowledge of relevant
facts: the same individuals Ceasar identified; five additional
individuals; and Ceasar.

          In his opening statement to the jury on the day of trial, trial counsel for
Rodriguez referred to three different statements Ceasar made in pretrial deposition
testimony. Rodriguez’s counsel explained he was alerting the jurors to these
statements because of defects he perceived in the causation and damages elements of
Ceasar’s case. Following the opening statements, and while the jury was not present
in the courtroom, Rodriguez’s counsel asserted the following objection to any
testimony by Ceasar: 
MR. RIOS:Furthermore, Your Honor, . . . the defendant would
object to Mr. Ceasar[’s] being called to the stand at
all in this case because he himself is not represented
as a person with relevant knowledge in this case. 
. . . .
 
Your Honor, in regards to Mr. Ceasar[’s] testifying,
again, he has not been designated as a person with
relevant knowledge. And pursuant to the -- I believe
it’s the HEB


 case [--] it talks about witnesses have
to be designated themselves for them to be called,
even if they are a party.
                                         . . . .
 
It would specifically be in regard to Interrogatory
No. 9, asking: “Please identify any potential party
and/or all persons having knowledge either directly
or indirectly of the relevant facts concerning the
issues, claims[,] and defenses in this lawsuit. Your
responses should include their complete name,
address, telephone number and a brief statement as
[sic] their knowledge and/or opinions.” And Mr.
Ceasar is not listed.
. . . . 
 
THE COURT: Any response for the record?
 
MR. HEANEY:Judge, interrogatory No. 9 does not list Mr. Ceasar,
it lists a whole list of other people.
 
THE COURT:Objection sustained. 

          After the jury returned to the courtroom, and the trial court instructed Ceasar
to call his first witness, Ceasar’s counsel inquired of the court, “Under the Court’s
ruling Mr. Ceasar cannot testify?” When the trial court indicated that was her ruling,
Ceasar rested. Outside the presence of the jury, Rodriguez moved and was granted
a directed verdict based on “no evidence pursued forward.” The trial court later
granted Rodriguez’s motion for entry of a take-nothing judgment based on Ceasar’s
failure to prove his case. 
Which Rule Governs—Rule 215.5 or Rule 193.6?
          In the trial court, Rodriguez maintained that Morrow v. H.E.B., Inc., 714
S.W.2d 297 (Tex. 1986), barred Ceasar from testifying.


 Morrow construed former
rule 215.5, which states as follows:
5. Failure to Respond to or Supplement Discovery. A party who fails
to respond to or supplement his response to a request for discovery shall
not be entitled to present evidence which the party was under a duty to
provide in a response or supplemental response or to offer the testimony
of an expert witness or of any other person having knowledge of
discoverable matter, unless the trial court finds that good cause
sufficient to require admission exists. The burden of establishing good
cause is upon the party offering the evidence and good cause must be
shown in the record. 

Tex. R. Civ. P. 215.5 (former rule), superseded by Tex. R. Civ. P. 193.6. See Tex.
R. Civ. P. 215 (comments to 1999 change). In this Court, however, Rodriguez
contends that new rule 193.6, not former rule 215.5, controls. 
          New rule 193.6 states as follows:
          193.6. Failing to Timely Respond—Effect on Trial
(a) Exclusion of Evidence and Exceptions. A party who fails to
make, amend, or supplement a discovery response in a timely manner
may not introduce in evidence the material or information that was not
timely disclosed, or offer the testimony of a witness (other than a named
party) who was not timely identified, unless the court finds that:
 
(1) there was good cause for the failure to timely make,
amend, or supplement the discovery response; or
 
(2) the failure to timely make, amend, or supplement the
discovery response will not unfairly surprise or unfairly
prejudice the other parties.

Tex. R. Civ. P. 193.6.

          Rule 193 was enacted on August 5, 1998 and amended on November 9 and
December 31, 1998, to become effective January 1, 1999. See Tex. R. Civ. P. 193
(noting effective date). Rule 193 recognizes an exception, “that a response to a
discovery request, an assertion of a privilege, or an amendment or supplementation
to a discovery request made before [January 1, 1999] need not comply with the new
rule.” Id. Ceasar filed his responses to Rodriguez’s first set of interrogatories on
March 2, 1998, and thus before the effective date of new rule 193.6. Accordingly, we
hold that former rule 215.5 controls the sanction imposed by the trial court. 
 Standard of Review
          We review the trial court’s sanctioning Ceasar by refusing to permit him to
testify under the abuse-of-discretion standard. See Henry S. Miller Co. v. Bynum, 836
S.W.2d 160, 162 (Tex. 1992) (recognizing trial court’s discretionary authority under
rule 215). We may not set aside a trial court’s discovery sanction, therefore, unless
the trial court clearly abused its discretion. Lewis v. Western Waste Indus., 950
S.W.2d 407, 409 (Tex. App.—Houston [1st Dist.] 1997, no pet.). To establish a clear
abuse of discretion, the party challenging the sanction must show that the trial court
failed to act with reference to any guiding rules and principles. Id. at 410. The test
for abuse of discretion is whether the trial court’s decision was arbitrary or
unreasonable in light of all the circumstances of the case. Id. We review the trial
court’s rulings deferentially when they depend on the credibility of witnesses, see
Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992), but a trial court has no
discretion when determining what the law is, which law governs, or how to apply the
law. Id. at 840. Accordingly, we review these latter determinations de novo. See id.;
O.C.S., Inc. v. PI Energy Corp., 24 S.W.3d 548, 551 (Tex. App.—Houston [1st Dist.] 
2000, no pet.). 
          To be entitled to reversal, Ceasar must not only establish that the trial court
erred by entering the sanction of not permitting Ceasar to testify, but also that the
error (1) probably caused the rendition of an improper judgment or (2) probably
prevented Ceasar from presenting his case to this Court. See Tex. R. App. P.
44.1(a)(1)-(2); see also Lewis, 950 S.W.2d at 410 (decided under reversible-error
standard of former Tex. R. App. P. 81(b)(1)). We review the entire record to
determine whether an erroneous discovery sanction constitutes reversible error. See
Lewis, 950 S.W.2d at 410. 
Failure of Party to Designate Himself as a Witness
          Former rule 166b(2)(d) governed pretrial discovery of the identity of persons
with knowledge of relevant facts who might testify at trial. See Tex. R. Civ. P.
166b(2)(d) (former rule), superseded by Tex. R. Civ. P. 192.3(c) (current rule); Smith
v. Southwest Feed Yards, 835 S.W.2d 89, 91 (Tex. 1992). The purpose of requiring
disclosure is to allow the opposing party to locate, interview, and depose the proposed
witness. $23,900.00 v. State, 899 S.W.2d 314, 317 (Tex. App.—Houston [14th Dist.]
1995, no writ). The rule 215.5 sanction of “loss of the opportunity to present the
witness’ [sic] testimony” was “automatic” under rule 215.5 if the party offering the
witness failed to respond or supplement required discovery unless that party satisfied
the standard, stated in rule 215.5, to establish sufficient good cause to permit the
witness to testify. Morrow, 714 S.W.2d at 297-98; see Tex. R. Civ. P. 215.5 (former
rule). Good cause had to be demonstrated on the record and is the only exception to
the automatic sanction under former rule 215.5. See Morrow, 714 S.W.2d at 297-98;
Henry S. Miller Co., 836 S.W.2d at 162; Tex. R. Civ. P. 215.5. The purpose of rule
215.5 was to prevent trial by ambush, not to create traps for the unwary. See Smith,
835 S.W.2d at 91.
          Parties were not exempt from the disclosure requirement in response to an
appropriate discovery request. See Henry S. Miller Co., 836 S.W.2d at 162; see also
Smith, 835 S.W.2d at 90 (acknowledging that party demonstrates “at least a potential
awareness of facts” bearing on merits of claim or defense by filing pleading, but
declining to accept that merely filing pleading is sufficient basis to support right to
testify).


 Accordingly, neither status as a party nor the fact that a witness has been
deposed sufficed alone to establish good cause, although these could combine to
constitute good cause. See Henry S. Miller Co., 836 S.W.2d at 162. 
          When a party does not designate himself as a person with knowledge of
relevant facts, good cause may exist, as contemplated by former rule 215.5, to allow
that party to call himself as a witness when (1) his identity was certain and (2) his
“personal knowledge of relevant facts ha[d] been communicated to all other parties,
through pleadings by name and response to other discovery requests” disclosed at
least 30 days before trial. Id. (quoting from Smith, 835 S.W.2d at 91). Good cause
should be determined, in this instance, not by focusing on the isolated, incomplete
response that prompted the opposing party’s motion seeking to bar the party from
testifying, but by examining the entirety of the party’s responses to discovery. Smith,
835 S.W.2d at 91. 
          Here, however, Rodriguez’s counsel contravened Smith by directing the trial
court solely to the isolated omission of Ceasar’s name in his response to Rodriguez’s
interrogatory No. 9. Rodriguez’s interrogatory no. 9 and Ceasar’s first-listed
response to that interrogatory are as follows:
INTERROGATORY #9:
Please identify any potential party and/or all persons having knowledge
either directly or indirectly of relevant facts concerning the issues,
claims and defenses in this lawsuit. Your response should include their 
[sic] complete name, address, telephone number, and a brief statement
of their [sic] knowledge and/or opinions.
 
          ANSWER:            No other parties that I’m aware of. 

(Bolded emphasis in original.) Ceasar then provided the names of 16 additional 

persons. The reporter’s record does not clearly indicate whether, in moving to
exclude Ceasar from testifying, Rodriguez proffered the entirety of Ceasar’s
responses to Rodriguez’s interrogatory responses to the trial court. 
          There was no ambush by Ceasar here. In acknowledging that the response to
interrogatory no. 9 did not specify Ceasar, Ceasar’s counsel pointed out that the
response listed many other potential witnesses. Ceasar’s preliminary response to
interrogatory No. 9 first stated, “No other parties that I’m aware of” (emphasis added)
before providing the 16 additional, potential witnesses. In stating that there were no
known additional parties while listing 16 additional, potential witnesses, Ceasar’s
response to the interrogatories does not negate his testifying as a witness but rather
suggests that he contemplated himself as a party-witness with knowledge of relevant
facts. The record further reflects that, despite Ceasar’s not being identified by name
in his response to interrogatory no. 9, Rodriguez identified Ceasar as a witness and
also relied on Ceasar’s statements to Rodriguez’s insurance carrier in her own
responses to Ceasar’s interrogatories. In opening statement to the jury, moreover,
Rodriguez’s counsel repeatedly referred to statements Ceasar made under oath, in
pretrial deposition testimony, that Rodriguez’s counsel indicated he would rely on to
dispute the causation and damages elements of Ceasar’s case. These statements to
the jury imply that Rodriguez contemplated that Ceasar would offer testimony on
those elements and thus demonstrate awareness that Ceasar would testify. 
          Under the record presented by this case, we conclude that (1) Ceasar’s identity
was “certain” and (2) his “knowledge of relevant facts” fully “communicated” to
Rodriguez well in advance of trial. See Smith, 835 S.W.2d at 91. 
We therefore hold that the record established good cause under rule 215.5 to permit
Ceasar to call himself as a witness and that the purposes underlying former rule
166b(2)(d) were served. See $23,900.00, 899 S.W.2d at 317. Accordingly, the trial
court abused its discretion by refusing to permit Ceasar to testify. 
                        Was Ceasar Required to Make an Offer of Proof?
          Rodriguez contends Ceasar waived any error by failing to make an offer of
proof under rule 103(a)(2) of the Rules of Evidence. See Tex. R. Evid. 103(a)(2). 
We disagree. Rule 103(a)(2) bars predicating any claim of error on a ruling that
excludes evidence unless (1) a substantial right of a party is affected and (2) the
substance of the evidence was made to the court by offer of proof. Id. The primary
purpose of rule 103(a)(2) is to enable a reviewing court to determine whether the
exclusion was erroneous and harmful. Ludlow v. Berry, 959 S.W.2d 265, 270 (Tex.
App.—Houston [14th Dist.] 1997, no pet.) (citing 1 Steven Goode et al., Texas
Practice: Guide to the Texas Rules of Evidence: Civil and Criminal § 103.3
at 21 (2d ed. 1993)).


 In addition, the offer of proof provides the trial court an
opportunity to reconsider its ruling in light of the actual evidence. Id. 
          We have concluded that the record demonstrates good cause to permit Ceasar
to testify, based in significant part on Rodriguez’s demonstrated awareness, not only
that Ceasar would testify, but also what his testimony would be. We further hold that
the remarks by Rodriguez’s counsel in opening statement, which referred to Ceasar’s
deposition testimony, sufficed to establish a record of proof that Rodriguez
contemplated that Ceasar would testify and knew what the content of that testimony
would be. Although we recognize that a further offer of proof would have better
alerted the trial court of the significance of Ceasar’s testimony, we are of the opinion
that the trial court should have realized, from Rodriguez’s opening statement, not
only that Rodriguez was not surprised when Ceasar attempted to testify, but also that
Rodriguez was aware of the content and importance of Ceasar’s testimony and fully
expected Ceasar to testify. 
          No further offer was necessary for us to conclude that not permitting Ceasar to
testify was harmful. This is not a case in which an opponent succeeded in preventing
an Ceasar from tendering a particular piece of evidence, but a case in which an
opponent succeeded in barring the Ceasar from offering any testimony whatsoever. 
On its face, rule 215.5 mandates solely that the record demonstrate good cause, and
we have held that the record here satisfies that standard. Rule 215.5 does not impose
the additional burden of requiring an offer of proof. Tex. R. Civ. P. 215.5. In
recognizing that a party may demonstrate good cause to avoid the automatic sanction
of rule 215.5, Smith considered only the appealing party’s interrogatories responses
and his having been deposed. 835 S.W.2d at 90-91. Smith did not impose the
additional requirement of a formal offer of proof under rule 103(a)(2). 
          This Court has required that parties who challenge rule 215.5 sanctions must
preserve error through an offer of proof. Weng Enter., Inc. v. Embassy World Travel,
Inc., 837 S.W.2d 217, 221 (Tex. App.—Houston [1st Dist.] 1992, no writ); see also
Morris v. Short, 902 S.W.2d 566, 570-71 (Tex. App.—Houston [1st Dist.] 1995, writ
denied). These cases are distinguishable in that neither involves a party who was not
permitted to call himself or herself as a witness. Each arose instead from a challenge
to the trial court’s refusal to permit a party to call the adverse party as a witness. See
Weng Enter., Inc., 902 S.W.2d at 220; Morris, 837 S.W.2d at 569. In that context,
imposing the requirement of an offer of proof comports more logically with the
purposes that underlie rule 103(a)(2) by requiring the party offering the testimony to
show the opponent’s knowledge of relevant facts. 
          Having concluded that the trial court abused its discretion by refusing to permit
Ceasar to testify and that Ceasar was not required to make an offer of proof to
preserve error, we further conclude, based on the trial court’s having entered a take-nothing judgment in favor of Rodriguez as a consequence of his not having met his
burden of proof, that the trial court’s error in refusing to permit Ceasar to testify
constituted reversible error under rule 44.1(a)(1). See Tex. R. App. P. 4.1(a)(1). 
          We sustain Ceasar’s sole point of error. 
 

                                                         Conclusion
          We reverse the judgment of the trial court and remand the cause for further
proceedings.


     Elsa Alcala
     Justice

Panel consists of Justices Taft, Alcala, and Price.