Opinion issued February 21, 2008




















In The

Court of Appeals

For The

First District of Texas






NO. 01-04-01111-CV

 __________


ENVIROPOWER, L.L.C., Appellant


V.


BEAR, STEARNS & CO., INC., Appellee






On Appeal from the 164th District Court

Harris County, Texas

Trial Court Cause No. 2004-37741






OPINION ON EN BANC ORDER (1)


 After our May 10, 2007 opinion issued, EnviroPower filed a "Motion for
Rehearing En Banc" regarding the definition of EnviroPower's net worth. See Tex.
R. App. P. 49.7. A majority of the Court granted en banc reconsideration solely on
this issue and issues the following opinion. 

 In this action to enforce a New York judgment, we review EnviroPower,
L.L.C.'s ("EnviroPower") motion challenging the trial court's order that set the
supersedeas bond in the amount of $200,000. See Tex. R. App. P. 24.4(a)(1).

 We vacate the order of the trial court with respect to the supersedeas bond and
remand for taking of evidence as to EnviroPower's current net worth and
consideration of the necessity of other orders necessary to protect the judgment
creditor against loss or damage that the appeal might cause.

 Bond Amount


 EnviroPower argues that the trial court erred in setting the supersedeas bond
amount at $200,000. Specifically, EnviroPower contends that it was entitled to a stay
of enforcement of the Texas trial court's judgment against it without being required
to file a supersedeas bond. (2)


Standard of Review

 We review the trial court's rulings concerning the amount and type of bond
required and the sufficiency of the sureties under an abuse of discretion standard. 
Tex. R. App. P. 24.4; see also Miller v. Kennedy & Minshew, Prof'l Corp., 80 S.W.3d
161, 165 (Tex. App.--Fort Worth 2002, no pet.). The test for whether a trial court
abused its discretion is whether the trial court acted arbitrarily or unreasonably in
light of all the circumstances of the case. McDaniel v. Yarbrough, 898 S.W.2d 251,
253 (Tex. 1995); Lewis v. Western Waste Indus., 950 S.W.2d 407, 410 (Tex.
App.--Houston [1st Dist.] 1997, no writ). 

Governing Law

 Section 52.006 of the Texas Civil Practices and Remedies Code, governing the
setting of supersedeas bonds, provides in relevant part:

 (a) Subject to subsection (b), when a judgment is for money,
the amount of security must equal the sum of:

 

 (1) the amount of compensatory damages awarded in
the judgment;

 

 (2) interest for the estimated duration of the appeal; and

 

 (3) costs awarded for the judgment.

 

 (b) Notwithstanding any other law or rule of court, when a
judgment is for money, the amount of security must not
exceed the lesser of:

 

 (1) 50 percent of the judgment debtor's net worth; or


 (2) $25 million.

Tex. Civ. Prac. & Rem. Code Ann. § 52.006(a), (b) (Vernon Supp. 2007) (emphasis
added). The statute further provides:

 (d) An appellate court may review the amount of security as
allowed under Rule 24, Texas Rules of Appellate
Procedure, except that when a judgment is for money, the
appellate court may not modify the amount of security to
exceed the amount allowed under this section.


Id. § 52.006(d).

 Texas Rule of Appellate Procedure 24.1, in turn, provides that a judgment
debtor in a civil case may suspend enforcement of the judgment pending appeal by,
inter alia, "filing with the trial court clerk a good and sufficient bond." Tex. R. App.
P. 24.1(a)(2). A bond must be in the amount required by Rule 24.2. Tex. R. App. P.
24.1(b)(A). Rule 24.2 provides, in relevant part:

 When the judgment is for money, the amount of the bond, deposit, or
security must equal the sum of compensatory damages awarded in the
judgment, interest for the estimated duration of the appeal, and costs
awarded in the judgment. But the amount must not exceed the lesser of:

 

 (A) 50 percent of the judgment debtor's current net worth; or

 

 (B) 25 million dollars.


Tex. R. App. P. 24.2(a)(1) (emphasis added). 

 Rule 24.2 further states that a judgment debtor which provides a bond under
subsection 24.2(a)(1)(A) in an amount based on its net worth must simultaneously file
an affidavit of net worth that states "complete, detailed information concerning the
debtor's assets and liabilities from which net worth can be ascertained." Tex. R. App.
P. 24.2(c)(1). The affidavit is prima facie evidence of the judgment debtor's net
worth. Tex. R. App. P. 24.2(c)(1). The judgment debtor has the burden of proving
its net worth. Tex. R. App. P. 24.2(c)(3). Should the debtor's net worth be contested,
the creditor may conduct reasonable discovery, following which the trial court must
hear the contest and issue an order that states the debtor's net worth and states with
particularity the factual basis for that determination. Tex. R. App. P. 24.2(c)(2),(3). 
If circumstances change, the trial court has continuing jurisdiction to modify the
amount or type of security required to continue the suspension of a judgment's
execution. Tex. R. App. P. 24.3(a).

Relevant Facts

 EnviroPower is a two-person limited liability company formed for the
development of coal-fired power plant sites. Due to lack of funding and possible
bankruptcy, it closed its corporate offices in Lexington, Kentucky in January 2003
and moved into office space at El Paso LGP Company, its original lender and the
possessor of a first lien on all of its assets and stock. In 2004, following
domestication in Texas of a New York money judgment for $1.6 million against it by
Bear Stearns & Co., Inc., ("Bear Stearns") EnviroPower sought relief from having to
file a supersedeas bond to prevent enforcement of the judgment pending appeal. It
filed an affidavit in the trial court establishing its negative current net worth as
$12,000,000 and attached supporting documentation. It also presented evidence at
the bond hearing that it had been denied a bond by every surety it had contacted and
that it had recently been denied a $10,000 letter of credit. 

 Bear Stearns, the judgment creditor, filed a comprehensive "Response to
Enviropower, L.L.C.'s Motion to Vacate Foreign Judgment, Motion for New Trial,
and Motion to Stay Enforcement of Judgment" two days before the bond hearing. In
that motion, it contested EnviroPower's affidavit of net worth on the ground that "the
standard is to look at not only assets minus liabilities but projected revenues as well." 
Bear Stearns argued that the fixed asset schedule identifying EnviroPower's assets
and their disposition, which EnviroPower had produced to it, did not represent
EnviroPower's true net worth, which could be determined only from "the
correspondence, the e-mails, [and] the documents that reflect there are ongoing
negotiations with third parties" for the sale of EnviroPower. Because EnviroPower
had refused to produce these documents, Bear Stearns argued that it had failed to
carry its burden of proving its true net worth for supersedeas bond purposes. 

 At the bond hearing, Bear Stearns argued that the trial court should base its
determination of EnviroPower's net worth for supersedeas bond purposes on its
market value as determined by the $10,000,000 price a third party, Khanjee Holdings
LLC, had agreed to pay for 100% of EnviroPower's stock pursuant to a contingent
purchase agreement and a separate development agreement. EnviroPower argued that
its affidavit set out its net worth in terms of its total current assets minus its liabilities,
namely negative $12,000,000, and that consummation of the sale of the company to
Khanjee was contingent on the occurrence of a number of milestones that had not
occurred. (3) For example, the contingent purchase agreement required EnviroPower
to execute long-term agreements with power customers, binding long-term fuel
supply contracts, and binding contracts with construction contractors. EnviroPower
averred that but for the potential future stock sale to Khanjee, it already would have
filed for bankruptcy. 

 The trial court's order setting EnviroPower's supersedeas bond at $200,000
made the following relevant findings:

 3. Net Worth has not been defined in the supersedeas bond statute.


 4. One definition of Net Worth is assets minus liabilities.

 

 5. Market Value means the amount that would be paid in cash by a
willing buyer who desires to buy, but is not required to buy, to a
willing seller who desires to sell, but is under no necessity of
selling.


 6. The evidence adduced at the hearing does not reflect the fair
value of the primary assets for the Judgment Debtor, which are
the federal air permits.


 7. Judgment Debtor's assets minus liabilities is negative
$12,000,000.00.


 8. A buyer stands willing to purchase Judgment Debtor for
$10,000,000.00.


 9. The evidence adduced at the hearing establishes that business
valuation experts do not rely exclusively on assets minus
liabilities in determining the value of businesses.


 10. Judgment Debtor's current net worth for purposes of setting a
supersedeas bond is $8,000,000.00.


 11. Judgment Debtor is likely to suffer substantial economic harm if
required to post security in the full amount required by the
supersedeas statute.


 12. The Court determines that a supersedeas bond in the amount of
$200,000 will not cause Judgment Debtor substantial economic
harm.


(Emphasis added.) In short, the trial court implicitly agreed with Bear Stearns that
the appropriate measure for determining a supersedeas bond was not EnviroPower's
net worth, as determined by subtracting its assets from its liabilities, which the trial
court found to be negative $12,000,000, but rather EnviroPower's "market value," as
determined at the hearing, including projected revenues under the contingent
purchase agreement and the undetermined value of EnviroPower's federal air permits. 

 We hold that the correct measure of a company's net worth for the purpose of
setting a supersedeas bond under section 52.006 of the Texas Civil Practice and
Remedies Code and Rule 24 of the Texas Rules of Appellate Procedure is the
company's current assets minus current liabilities at the time the bond is set.

Discussion

 Rule 24.2(a)(1) states that the amount of a supersedeas bond is capped at the
lesser of "50 percent of the judgment debtor's current net worth; or . . . 25 million
dollars." Tex. R. App. P. 24.2(a)(1) (emphasis added). The trial court found that "one
definition of Net Worth is assets minus liabilities." In accordance with this
definition, it found EnviroPower's net worth to be "negative $12,000,000," a value
that would relieve EnviroPower of having to post a supersedeas bond. Yet it rejected
this definition of net worth for supersedeas bond purposes and found EnviroPower's
"current net worth for purposes of setting a supersedeas bond [to be] $8,000,000."

 Rule 24.2(c)(3) requires that, after hearing a contest to an affidavit of net
worth, "[t]he trial court must issue an order that states the debtor's net worth and
states with particularity the factual basis for that determination." Tex. R. App. P.
24.2(a)(c)(3) (emphasis added). Yet the trial court did not state with particularity the
factual basis for its determination that EnviroPower's net worth for supersedeas bond
purposes was $8,000,000--which was $20,000,000 greater than the negative
$12,000,000 net worth the trial court accepted as accurately setting out
EnviroPower's assets minus its liabilities. Nor did the trial court state with
particularity any basis for its finding number 11 that setting bond at $8,000,000
would cause EnviroPower to "suffer substantial economic harm" or for its finding
number 12 that "a supersedeas bond in the amount of $200,000 will not cause
Judgment Debtor substantial economic harm." (4) We conclude that the trial court
erred.

 This Court, as well as the Dallas Court of Appeals and our sister court in
Houston, has defined "net worth" for purposes of setting a supersedeas bond as "the
difference between total assets and total liabilities as determined by generally
accepted accounting principles." LMC Complete Automotive, Inc. v. Burke, 229
S.W.3d 469, 482 (Tex. App.--Houston [1st Dist.] 2007, pet. denied), quoting G.M.
Houser, Inc. v. Rodgers, 204 S.W.3d 836, 840 (Tex. App.--Dallas 2006, no pet.);
accord Ramco Oil & Gas, Ltd. v. AngloDutch (Tenge), 171 S.W.3d 905, 915 (Tex.
App.--Houston [14th Dist.] 2005, no pet.). Likewise, each of our sister courts of
appeals that has previously construed the term "current net worth" for purposes of
reducing a supersedeas bond under section 52.006 of the Civil Practice and Remedies
Code and Rule of Appellate Procedure 24.2 has determined that "net worth is
calculated by total assets minus total liabilities as determined by generally accepted
accounting principles," or GAAP. G.M. Houser, 204 S.W.3d at 840; Ramco Oil &
Gas, 171 S.W.3d at 915. The Fourteenth Court of Appeals has explained the reason
for this construction of the term "net worth" for purposes of reducing a supersedeas
bond under section 52.006 and Rule 24.2:

 In amending section 52.006, the Legislature struck a new balance
between a judgment creditor's interest in protecting its judgment
pending appeal and a judgment debtor's interest in having the ability to
challenge the adverse judgment on appeal. . . .


 The thrust of the inquiry under section 52.006(c) is whether the
judgment debtor has the ability to meet the supersedeas requirement as
determined in 52.006(a) or (b) and whether doing so is likely to result
in substantial economic harm. See Tex. Civ. Prac. & Rem. Code Ann.
52.006. In conducting this analysis, the trial court has the flexibility to
take into account a number of factors that could affect the judgment
debtor's ability to post bond or other security based on the facts and
circumstances specific to the case. This inquiry, however, should not
focus on the market capitalization of the company or its value as a whole
but on the judgment debtor's actual ability to post the security required. 


Ramco Oil & Gas, 171 S.W.3d at 917. We agree. To hold otherwise would be to
require the forced sale of the judgment debtor company, in order to capture the funds
sufficient to post the bond, thus defeating the Legislature's purpose in enacting
Chapter 52. (5)

 The dissenting opinion on en banc order falls into the trap that the Legislature
intended to preclude by amending section 52.006, as discussed in Ramco. See 171
S.W.3d at 917. In short, it would require the trial court to hold a hearing to determine
the value of the judgment's debtor's assets upon their sale and to use the "fair market
value" of those assets, thus determined, to set the supersedeas bond, thereby
thwarting the purpose of the Legislature in amending section 52.006. In its brief,
EnviroPower explained the arbitrariness of using such a fair market value standard
to determine a judgment debtor's net worth for supersedeas bond purposes by
reference to its own case:

 In 2000, EnviroPower applied for and received two federal air
permits, which are required to construct coal-fired power plants. The
development cost related to the air permits is reflected on the balance
sheet, and Ms. Dawson testified regarding the permits at the hearing. 
These are intangible assets, with a limited life, and are not transferable
or assignable. The permits would have already expired this year but for
the initiation of minor construction at the sites. The permits have value
only to someone who has the financial ability to develop the projects,
and each plant costs about $700 million.


 Importantly, the value of EnviroPower's air permits as reflected
on its financial statements was not controverted at the hearing. Indeed,
when asked whether any dispute existed with respect to EnviroPower's
net worth represented in its financial statements, Bear Stearns' witness
conceded he did not dispute EnviroPower's current book value and had
"no reason to believe the books and records weren't kept accurately." 
He also agreed that any value represented by the air permits wouldn't
become tangible until exchange of the funds in consideration of the
stock sale. In light of the undisputed evidence presented by
EnviroPower, the trial court has no sufficient evidentiary basis to find
that the fair value of the air permits is not reflected on the financial
statements.


We agree with EnviroPower.

 We hold, in accordance with the foregoing law, that the trial court abused its
discretion by failing to set EnviroPower's supersedeas bond in accordance with its
finding number 7 that EnviroPower's current net worth as measured by its total
current assets minus its total current liabilities was negative $12,000,000. See Tex.
R. App. P. 24.4(a)(5) (trial court's rulings concerning amount of bond are reviewed
under abuse of discretion standard).


Conclusion

 We vacate trial court's order that set EnviroPower's supersedeas bond at
$200,000 and remand to the trial court to determine the appropriate amount of a bond
or alternate security, if any, under current conditions in accordance with this opinion. 
See Tex. R. App. P. 24.3, 24.4(d). 





 Evelyn V. Keyes

 Justice


Panel consisted of Justices Taft, Keyes, and Hanks.


En banc consideration was requested. Tex. R. App. P. 49.7.


A majority of the justices of the Court voted in favor of reconsidering the case en
banc. See id.


The en banc Court on reconsideration consists of Chief Justice Radack and Justices
Taft, Nuchia, Jennings, Keyes, Alcala, Hanks, Higley, and Bland.


Justice Keyes, writing for the majority of the en banc Court, joined by Chief Justice
Radack and Justices Jennings, Alcala, Higley, and Bland. 


Justice Bland, joined by Justice Jennings, specially concurring with the opinion of the
en banc Court. See id.


Justice Hanks, joined by Justices Taft and Nuchia, dissenting from the order and
opinion of the en banc Court. 


1. See EnviroPower, L.L.C. v. Bear, Stearns & Co., Inc., No. 01-04-01111-CV,
__S.W.3d__ (Tex. App.--Houston [1st Dist.] Feb. 21, 2008, no pet. h.) (Order).
2. The factual background can be found in the opinion on the merits of the appeal of the
trial court's judgment, issued herewith. See EnviroPower, L.L.C. v. Bear, Stearns &
Co., Inc., No. 01-04-01111-CV, ___ S.W.3d___ (Tex. App.--Houston [1st Dist.] Feb.
21, 2008, no pet. h.).
3. The sale has still not been consummated.
4. In factual support of its conclusion that EnviroPower's current net worth for
supersedeas bond purposes was $8,000,000, the trial court made only two findings. 
First, it stated that EnviroPower's "primary assets" were its federal air
permits--something not mentioned before the hearing--without stating how it made
that determination or how it valued those assets or what their total value was. It also
found that "[a] buyer stands willing to purchase Judgment Debtor for $10,000,000." 
But it did not state how the fact that a buyer stood willing to purchase EnviroPower
for $10,000,000 altered EnviroPower's current negative net worth of $12,000,000. 
Nor did it state any accounting principles upon which it could make such a finding. 
5. See Ramco Oil & Gas Ltd. v. Anglo Dutch (Tenge) L.L.C., 171 S.W.3d 905, 916 (Tex.
App.--Houston [14th Dist.] 2005, no pet.) (quoting Elaine Carlson, Reshuffling the
Deck: Enforcing and Superseding Civil Judgments on Appeal After House Bill 4, 46
S. Tex. L. Rev. 1035, 1093 (2005)), stating:


 The recent legislative modifications to supersedeas requirements
effective as to cases in which a final judgment is signed on or after
September 1, 2003, reflect a shift in concern from that of protecting the
judgment creditor's ability to collect the judgment if affirmed on
appeal, to protecting the judgment debtor from substantial economic
harm by appellate security requirements that may effectively preclude
the ability to seek appellate review.