Martin v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-157-CV

     BRADLEY D. MARTIN,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the County Court
Bosque County, Texas
Trial Court # 11,407 & 2915
                                                                                                    

O P I N I O N
                                                                                                    

      Bradley D. Martin pleaded no contest in the justice court to four misdemeanor complaints
charging him with "taking wildlife by illegal means using an automatic weapon with silencer." 
Nine months later, the County Attorney filed a motion in the justice court to forfeit the rifle and
silencer. The justice court ordered the forfeiture, and Martin appealed to the Bosque County
Court. After an evidentiary trial de novo, the County Court ordered both the rifle and silencer
forfeited to the Texas Department of Parks and Wildlife. Martin appeals the order of forfeiture. 
We will affirm.
      In the early morning hours of October 13, 1991, Martin and two friends were "road-hunting"
whitetail deer, using Martin's AR-15 rifle equipped with a silencer. While riding in his truck,
Martin shot at least two deer. At approximately 3 a.m., he got out of the truck—leaving the rifle
behind—and set out on foot to bring back a deer. While Martin was out of his truck, a game
warden drove up to investigate. Martin's two companions sped away in the truck, leading the
game warden on a high-speed chase.



      During the chase, the two men began throwing things out of the truck: two deer carcasses,
a spotlight, and Martin's automatic rifle and silencer. The men eventually hid the truck behind
some brush and walked back to Clifton. During the following days, game wardens found the deer
that had been shot, the AR-15 rifle, and the silencer. In April 1992, Martin pleaded no contest
to four complaints of illegally taking whitetail deer. The State began forfeiture proceedings in
January 1993.
      In a nonjury trial, where no findings of fact or conclusions of law are filed or requested, it
is implied that the trial court made all the necessary findings to support its judgment. Roberson
v. Robinson, 768 S.W.2d 280, 281 (Tex. 1989). When a statement of facts is brought forward,
these implied findings may be challenged by factual sufficiency and legal sufficiency points the
same as jury findings or a trial court's findings of fact. Id. Neither party requested findings of
fact or conclusions of law. Where findings of fact and conclusions of law are not properly
requested and none are filed, the judgment of the trial court must be affirmed if it can be upheld
on any legal theory that finds support in the evidence. In the Interest of W.E.R., 669 S.W.2d 716,
717 (Tex. 1984). 
      The State pleaded two theories for forfeiture of Martin's property. First, that Martin had used
the automatic rifle and silencer in the commission of an offense. See Tex. Code Crim. Proc.
Ann. art. 18.19(e) (Vernon Supp. 1994). Second, that both the gun and silencer are "prohibited
weapons" under subsections 46.06(a)(2) and (4) of the Penal Code and thus are subject to
forfeiture under article 18.18(a) of the Code of Criminal Procedure. See id. art. 18.18(a); Tex.
Penal Code Ann. § 46.06(a)(2), (4) (Vernon Supp. 1994). Martin admits in his brief that the
judgment must be affirmed on any legal theory supported by the evidence. Thus, if forfeiture is
proper under either theory, the judgment will be upheld.
      In point four, Martin asserts that there was no evidence or insufficient evidence to support the
implied finding that he was found in possession of the rifle and silencer under article 18.19(e) of
the Code of Criminal Procedure. In point five, he asserts that the Court erred in concluding that
he was found in possession of the items. Article 18.19(e) provides:
If the person found in possession of a weapon is convicted of an offense involving the use of
a weapon, the court entering judgment of conviction shall order destruction of the weapon or
forfeiture to the state for use by the law enforcement agency holding the weapon.
Tex. Code Crim. Proc. Ann. art. 18.19(e). Martin argues that he was never "found in
possession" of the articles because they were "found" on or near a dirt country road near the
vehicle that his companions had abandoned. Thus, he asserts, the two companions were the last
ones "in possession" of the rifle and silencer when they sped away with the weapons in the truck
leaving Martin standing in a pasture.
      Martin testified that he owned the rifle and silencer and that he was in possession of them
when he shot and killed two deer. He said that he did not let either of his companions take the
rifle, and that the reason he was not in possession of the gun was because his companions had
driven off with the rifle in the truck. James Boren, one of Martin's two companions, testified that
the gun and silencer used that night belonged to Martin. He said that Martin was in possession
of the articles when he shot the two deer.
      Article 18.19 is subject to the Code Construction Act. See Tex. Govt. Code Ann. §§
311.001-311.032 (Vernon 1988 & Supp. 1994); Op. Tex. Att'y Gen. No. MW-75 (1979). The
Act provides that "[w]ords and phrases shall be read in context" and that in construing a statute,
the court may consider the "object sought to be attained" by the statute. Tex. Gov't Code Ann.
§§ 311.011, 311.023. Clearly, article 18.19(e) provides for the forfeiture of weapons used in the
commission of an offense. Tex. Code Crim. Proc. Ann. art. 18.19(e). One attorney general
opinion summarizes article 18.19(e) as "appl[ying] to the forfeiture or destruction of a weapon
belonging to someone convicted of an offense involving the use of a deadly weapon." Op. Tex.
Att'y Gen. No. MW-75 (1979) (emphasis added). 
      Martin admitted owning and possessing the gun and silencer and using them to illegally hunt
deer. He pleaded nolo contendere and was convicted of four offenses involving their use. 
Mindful of the object sought to be attained by article 18.19(e), we believe the evidence is sufficient
to support the court's implied finding that Martin was "found in possession" of the rifle and
silencer. The court did not err in concluding that Martin was found in possession of the items. 
We overrule points four and five. 
      Having found the forfeiture appropriate under article 18.19(e), we need not address points one
through three regarding forfeiture under article 18.18. 
      In point six, Martin asserts that the court lacked jurisdiction to enter an order of forfeiture
because its plenary power had expired. Martin was convicted of the criminal offenses in the
justice court on April 19, 1992. No appeal was taken. On January 12, 1993, the State filed its
motion for forfeiture in the same justice court. The court ordered the forfeiture on February 4. 
Martin appealed the order to the Bosque County Court, which held a trial de novo on May 6 and
signed an order of forfeiture on May 26. Martin argues that the justice court lost its jurisdiction
thirty days after the date of the convictions, May 19, 1992.
      Martin concedes that when, as here, a conviction occurs, the State is not required to file any
additional pleadings, to notify the owner, or to hold an evidentiary hearing. The State argues that
at the time the offense was committed and the time of trial, neither article 18.18 nor 18.19 placed
a time limit on the court's authority to order forfeiture.


 Article 18.19(e) mandates that, if a
person found in possession of a weapon is convicted of an offense involving the use of the weapon,
the court entering judgment of conviction shall order destruction of the weapon or forfeiture. 
Because 18.19(e) mandates forfeiture, has no additional procedural due process requirements
before ordering forfeiture, and does not have a time limit on the convicting court's jurisdiction to
order that forfeiture, we hold that the justice court did not lack jurisdiction. We overrule point
six.
      In points seven and eight, Martin asserts that the procedure used to forfeit his property was
not authorized by any statute and therefore violated his rights to due process under the U.S. and
Texas Constitutions. See U.S. Const. amends. V, XIV; Tex. Const. art. I, §§ 13, 19. Articles
18.18 and 18.19 differentiate between forfeitures following a conviction and forfeitures when there
is no prosecution or conviction involving the weapon seized. Tex. Code Crim. Proc. Ann. arts.
18.18, 18.19. Forfeitures without prosecution or conviction require specific notice, an
opportunity to retrieve the property, and an evidentiary hearing. Id. 18.18(b)-(f); 18.19(c). 
      Martin concedes that, if a criminal conviction occurs, neither article 18.18(a) nor 18.19(e)
requires additional pleading by the State, notice to the owner or possessor, or an evidentiary
hearing. Rather, he argues that, because the court did not have jurisdiction to enter the forfeiture
order, the court did not follow the proper procedure. We have determined in point six that the
court had jurisdiction to order the forfeiture. Furthermore, Martin was notified of the State's
intention to forfeit the weapons, and he was present at the evidentiary hearing. Having had notice
and an opportunity to be heard, we do not find that Martin was denied due process of law. We
overrule points seven and eight.
      We affirm the judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed March 9, 1994
Do not publish Released for publication April 6, 1994. See TEX. R. APP. P. 90(c).