**In re STATE of Texas, Relator.**

No. 12–05–00192–CV.

Court of Appeals of Texas, Tyler.

Oct. 12, 2005.

David Glickler, Georgetown, Harry E. White, for relator.

R. Daryll Bennett, Longview, Kathryn Bennett Moon, for real party in interest.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and DeVASTO, J.

## OPINION

DIANE DeVASTO, Justice.

The State of Texas, as relator, seeks a writ of mandamus directing Respondent, the Honorable Clay Gossett, Judge of the 4th Judicial District, Rusk County, Texas, to (1) vacate his order dated March 3, 2004 granting a petition for bill of review filed by Frank Stewart, the real party in interest, and to (2) reinstate two amended orders of forfeiture dated February 11, 2003 and March 25, 2003, respectively. We conditionally grant the writ.

### BACKGROUND

On May 28, 2002, Kilgore Police Department detectives executed four search warrants authorizing the seizure of "implements, instrumentality's [sic], proceeds and evidence" tending to connect Frank Stewart and others with the commission of various gambling offenses. Among the items seized was $55,224.38 cash, alleged to be gambling proceeds.

On June 20, 2002, the State filed a forfeiture case against three automobiles seized pursuant to the search warrants (trial court cause number 2002–220). In July 2002, two indictments were filed

charging Stewart with engaging in organized criminal activity through the commission of various misdemeanor gambling offenses (trial court cause numbers 2002–120 and 2002–124). On January 22, 2003, Stewart pleaded guilty to two charges of possession of a gambling device and was fined one thousand dollars for each offense (cause numbers 2002–120 and 2002–124). The same day, Respondent signed an agreed judgment of forfeiture in trial court cause number 2002–220, forfeiting one of the vehicles and authorizing return of the other two vehicles to Stewart. The following day, Respondent signed a forfeiture order in cause numbers 2002–120 and 2002–124. The forfeited items included the cash, but the orders incorrectly stated the amounts to be forfeited. By amended orders dated February 11, 2003 and March 25, 2003, respectively (the "amended orders"), the trial court corrected the error.

On September 25, 2003, Stewart filed a petition for bill of review. He alleged that the State did not prove the seized cash was gambling proceeds and that the State took the cash without a hearing or approval of Stewart or his attorney.[1] Stewart requested that the amended orders be reformed and that the forfeited cash be returned to him.

Respondent granted the petition by order dated March 3, 2004. The order required the State to deposit the forfeited cash with the Rusk County District Clerk within ten days of the signing of the order until its ownership could be determined. In its findings of fact and conclusions of law,[2] Respondent found, in pertinent part, that

E. Since no [property other than a 1998 Cadillac] was mentioned to be forfeited [in the agreed judgment of forfeiture], the Court agrees that all other items seized from Frank Stewart were to be returned to Frank Stewart.

F. On January 23, 2003, [t]he State of Texas asked the Court to sign a forfeiture [order] on other items seized[, including the subject cash,] without notice to Frank Stewart nor a hearing in Cause No. CR2002–124.

G. On March 21, 2003, the State of Texas presented a Nunc Pro Tunc Order to the Court for signature in Cause No. C[R]2002–124 without notice to Frank Stewart.

H. On January 23, 2003, the State of Texas presented an Order of Forfeiture for the court to sign in Cause No. CR2002–120 without notice to Frank Stewart.

---

1. Stewart pleaded guilty pursuant to a plea agreement. Although Stewart contends that the State did not prove the cash was gambling proceeds, the following exchange reflects that forfeiture of the cash was a condition of the plea agreement:

 THE COURT: And I'll ask for the State's recommendation.
 PROSECUTOR: Your Honor, we recommend that you assess a fine of $1,000 in each count—in each case here and assess Court costs. For the Court's knowledge, there are—there has been seized gambling devices, gambling paraphernalia and gambling proceeds. They will be forfeited by [Stewart] as a result of this plea. We also have some civil forfeitures cases that we've

 resolved, and I do have six codefendants' dismissals for the Count.
 THE COURT: All right.
 THE COURT: And I'll ask you, is that the understanding of the plea bargain agreement?
 DEFENSE COUNSEL: That is, Your Honor.

2. Because the State requested, and Respondent filed, findings of fact and conclusions of law, we assume that a hearing preceded the order granting the bill of review. *See* Tex R. Civ. P. 296 (party may request court to state in writing findings of fact and conclusions of law in any nonjury case *tried* in the district or county court). The record furnished in this proceeding does not include a reporter's record of the hearing.

I. On February 11, 2003[,] the State of Texas presented an Amended Order of Forfeiture in Cause No. CR2002–120 without notice to Frank Stewart.

J. On March 25, 2003[,] the State of Texas presented the Court with State's Motion for Judgment Nunc Pro Tunc without notice to Frank Stewart.

. . . .

L. When all parties agreed to a forfeiture of items seized from Frank Stewart on January 22, 2003 and that order agreed to a return to Frank Stewart of all other items, then the State of Texas was required to file for forfeiture, serve Frank Stewart and allow him Due Process of Law before his property could be forfeited.

. . . .

N. After the Agreed Forfeiture in Cause No.2002–220 and its hand written notes, any further forfeiture of Frank Stewart's property, [sic] was without Due Process of Law.

The trial court then concluded that "Frank Stewart was denied Due Process of Law. [sic] By the State of Texas when his property was Forfeited after January 22, 2003."

The State filed a motion for new trial, which was denied on May 25, 2004. The State filed its notice of appeal, but the appeal was dismissed for want of jurisdiction because an appeal from an order granting a bill of review is interlocutory and not appealable. *See State v. 1998 Cadillac 4 Door,* 2004 WL 2937253, at *2 (Tex.App.-Amarillo Dec.20, 2004, no pet.) [3] This original proceeding followed.

### AVAILABILITY OF MANDAMUS

 Mandamus will issue when a trial court commits a clear abuse of discretion for which the relator has no adequate rem-edy at law. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id.* Mandamus review of a trial court's legal conclusions is much less deferential than its review of the trial court's findings of fact. *Id.* at 840. A trial court has no discretion in determining what the law is or in its application of the law to the facts. *Id.* Therefore, a trial court abuses its discretion if it misapplies the law to the facts of the case before it. *See id.*

### ABUSE OF DISCRETION

At the outset, Stewart points out that the State waited over sixteen months after Respondent's adverse ruling and six months after dismissal of its appeal to seek mandamus relief. Stewart further asserts that the State has shown no justification for delay. In substance, Stewart argues that the State's delay was unreasonable as a matter of law and that, consequently, we should deny the requested relief. We disagree that the State's delay was unreasonable as a matter of law under the facts before us. Therefore, we will address the merits of the State's petition.

Article 18.18 of the Texas Code of Criminal Procedure provides two alternative procedures for the disposition of certain gambling-related items. *See* TEX. CODE CRIM. PROC. ANN. art. 18.18 (Vernon 2005). Subsection (a) prescribes the procedure for forfeiture following a conviction for one of the offenses listed in subsection (a). *See id.* art. 18.18(a). Subsections (b) through (f) prescribe the procedure for forfeitures where there is no prosecution or conviction for the listed offenses. *See*

---

**3.** The notice of appeal was filed in this court. The appeal was transferred to the Amarillo Court of Appeals by order of the Texas Supreme Court for docket equalization.

*id.* art. 18.18(b)-(f). The procedure for the two types of forfeiture is not the same. *Compare id.* art. 18.18(a), *with id.* art. 18.18(b)-(f).

Article 18.18(a) provides that after final conviction of a person for possession of a gambling device or equipment, altered gambling equipment, or gambling paraphernalia, the court entering the judgment of conviction shall order that the gambling device, gambling equipment, or gambling paraphernalia be destroyed or forfeited to the State. TEX.CODE CRIM. PROC. ANN. art. 18.18(a). Subsection (a) further provides that if gambling proceeds were seized, the court shall order them forfeited to the State and shall transmit them to the grand jury of the county in which they were seized for use in investigating alleged violations of the Penal Code, or to the State, any political subdivision of the State, or to any state institution or agency. *Id.* No additional pleading, notice to the owner or possessor, or evidentiary hearing is afforded the property's owner. *See id.; Martin v. State*, 873 S.W.2d 457, 460 (Tex.App.-Waco 1994, no pet.).

Article 18.18(b) through (f) applies where there is no prosecution or conviction following seizure. *See* TEX.CODE CRIM. PROC. ANN. art. 18.18(b)-(f). In that instance, the property's owner is entitled to notice, an opportunity to challenge the forfeiture, and an opportunity for an evidentiary hearing. *See id.* art. 18.18(b)-(f); *Martin*, 873 S.W.2d at 460.

■ Because Stewart pleaded guilty to two charges of possession of a gambling device, article 18.18(a), and not article 18.18(b) through (f), is applicable. *See* TEX.CODE CRIM. PROC. ANN. art. 18.18(a). Consequently, Stewart was not entitled to notice and hearing before Respondent signed the forfeiture orders or the amended orders. *See Martin*, 873 S.W.2d at 460. In reaching a contrary conclusion, Respondent misapplied the law to the facts, thereby abusing his discretion.

### ADEQUATE REMEDY AT LAW

■ The State must also show that it has no adequate remedy by appeal. The Texas Supreme Court has recently stated that "[t]he operative word, 'adequate,' has no comprehensive definition; it is simply a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig.proceeding). Consequently, whether an appellate remedy is adequate "depends heavily on the circumstances presented and is better guided by general principles than by simple rules." *Id.* at 137. Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss. *Prudential*, 148 S.W.3d at 136. However, an appellate remedy is adequate when the benefits of mandamus review are outweighed by the detriments. *Id.* at 136.

Here, the subject cash was among the items in the possession of Frank Stewart that were seized pursuant to search warrants executed by Kilgore Police Department detectives. Under article 18.18(a), the State had a right to immediate forfeiture of gambling proceeds, without the necessity of additional proceedings, upon Stewart's final conviction for possession of a gambling device. Thus, the cash was immediately forfeited to the State. The forfeiture occurred more than a year before Respondent granted the bill of review and more than two years before this original proceeding was filed.

The order granting the bill of review requires the State to deposit the forfeited

sum with the Rusk County District Clerk pending the resolution of Stewart's claims. However, the State informs us that it relied upon the finality of the amended orders and spent the money. Therefore, according to the State, compliance with the deposit requirement of Respondent's order could result in three law enforcement agencies being forced to disgorge funds to replace the forfeited cash until the matter is finally resolved.

We have concluded that Article 18.18(a) does not impose the due process requirements Stewart contends are prerequisites to the forfeitures in this case. Moreover, despite Respondent's findings to the contrary, we see nothing in the agreed judgment of forfeiture that imposed any such requirements for subsequent forfeitures of Stewart's property. Therefore, Respondent was without authority to grant the bill of review.

Compliance with Respondent's order will require the diversion of state funds for the deposit mandated by Respondent's order. If the State is required to make the deposit and participate in further trial proceedings, the right to immediate forfeiture of the cash will be lost. Once lost, the right cannot be recovered, even through a successful appeal. The right can be preserved only by mandamus. Accordingly, we conclude that the benefits of mandamus outweigh the detriments, rendering appeal an inadequate remedy for the State.

### CONCLUSION

The order granting Stewart's bill of review constitutes an abuse of Respondent's discretion for which the State has no adequate remedy by appeal. Therefore, we conditionally grant the writ of mandamus. We trust, however, that, within 15 days from the date of our opinion and order, Judge Gossett will vacate his order dated March 3, 2004 granting Stewart's bill of

review and reinstate the amended forfeiture orders dated February 11, 2003 and March 25, 2003. The writ will issue only if he fails to do so.